Parker, C. J.,
delivered me opinion of the Court. There is no legal or equitable defence to this action. A deed made to the hern at law of a deceased person is good, because the persons who are to take can be ascertained by extrinsic testimony.†
As to the merits of the demand, of what consequence is it to Loud that the administratrix of Tirrell might have avoided payment, if she had chosen to stand upon her legal * rights, in- [*449] stead of submitting the demand to referees ? He remained liable, and a suit might have been maintained against him ; for the stat *392 ute of limitations would not have availed him, if it would have furnished a sufficient defence to the administratrix. The estate of Tirrell has, therefore, paid money to the use of Loud, which he is bound in conscience to repay ; so that an action for money paid, &c., could be maintained.†
But there was no necessity for this. For the non-payment of the notes by Loud, at the time stipulated in the condition of his deed, was a breach of that condition ; as it exposed the estate of Tirrell to suit and trouble. So that, at law, the demandants are entitled to recover possession, unless, within the equitable provision of our statutes respecting mortgages, the sum ascertained to be due in chancery shall be paid within two months. That sum is the amount paid out of the estate of Tirrell for the use of Loud, with interest from the time of payment.‡ Let the tenant be called.

Defendant defaulted.

 Shep. Touch. Ch. 12, p. 246. — Vide Hall vs. Leonard et al., 1 Pick. 27.

 The heirs were not liable for the demand. Bean vs. Farnam et al., 6 Pick. 269 Scott vs. Hancock et al., 13 Mass. Rep. 162.— Emerson vs. Thomson et al., 16 Mass. Rep 429. — Thomson vs. Brown et al., 16 Mass. Rep. 172.— Wellman vs. Lawrence, 15 Mass. Rep. 320. —Ex parte Allen, 15 Mass. Rep. 58.

 The damage arising merely from the non-payment of the note, and exposing the estate to suit and trouble, was only nominal, if the demand upon the estate was not made until it was barred by the statute.