<div style="text-align:right">Morris<br>v.<br>Corson.</div>

---

## MORRIS against CORSON.

ON error to the C. P. of the city and county of New York.

Corson declared against Morris, in that court, in case ;

<div style="font-style:italic;float:right;width:40%">In an action for a tort, (e. g. malicious prosecution,) commenced in the C. P. the plaintiff died the day</div>

before the trial, but after the first day of term. The court, notwithstanding, proceeded to trial at the same term ; and a verdict was found, and judgment rendered for the plaintiff, without regard to his death ; though the proceeding was objected to ; held, no error, but cured by the statute, (1 R. L. 144, s. 5,) the proceedings relating to the first day of term ; and, in contemplation of law, having taken place on that day.

The statute, (1 R. L. 144, s. 5,) applies as well to actions for causes which do not survive, as those which do.

To sustain an action for malicious prosecution, the plaintiff must, in general, prove a want of probable cause.

But where the defendant pleaded singly the truth of the facts involved in the prosecution, which was for felony ; held, that this was assuming to prove the truth on his own side ; and

NEW YORK,   *for that the latter maliciously, and without probable cause,
May, 1827.   preferred a complaint against the former for felony, where-
—————
Morris       on he was arrested.   That a bill of indictment was exhib-
v.           ited to the grand jury, who returned it not a true bill.
Corson.      That thereupon the plaintiff was acquitted, and the prose-
cution ended.   Plea: that the charges made against the
plaintiff, of his having committed felony, were true.   Re-
plication: *de injura sua propria,* &c.

At the trial, the plaintiff gave in evidence the indict-
ment, with the return of the grand jury; and rested his
cause.

It was admitted, that the plaintiff had died the day be-
fore the trial, but since the first day of the term; and the
defendant contended, that the action abated.   The objec-
tion was overruled.

The defendant then moved for a nonsuit, on the ground
that the plaintiff had not shown a want of probable cause
for the criminal prosecution.   The motion was overruled,
on the ground that the proof was not necessary upon the
state of the pleadings.   The defendant excepted.

Verdict and judgment for the plaintiff below.

*J. D. Hammond,* for the plaintiff in error.   The suit
abated by the death of the plaintiff below.   (Cro. Car.
509.   3 Mass. Rep. 296.)   The statute, (1 R. L 312,)
does not apply.   That relates to cases where the cause of
action survives, and there has been an interlocutory judg-
ment.   (4 Taunt. 884.)   The fiction that the whole term
is but one day, applies to those cases only that are within
the statute.   (Id.)

It will not be denied, that, in general, want of probable
cause must be shown, to sustain this action.   The plea
here does not admit, but expressly denies the want of pro-
bable cause.   It will be regarded after verdict, as an in-
formal plea of the general issue.   It is in substance nothing
more.

that the plaintiff need not, on the trial, in the first instance, show the want of probable
cause.
    Where a defendant pleads specially, every traversable fact contained in the declaration,
and not denied by the plea, is admitted of record, and needs no proof to support it.

NEW YORK,
May, 1827.

Morris
v.
Corson.

[*283]

*D. B. Tallmadge*, contra. The statute, (1 R. L. 144,) is, that the death of either party in any action, between verdict and judgment, shall not be alleged for error, if the judgment be entered in two terms after the verdict. This statute *is copied from 17 Car. 2, c. 8, s. 1; the construction of which has always been, that if the party die after the assizes begin, though the trial be after his death, it is within the remedy of the statute; for the assizes is but one day in law; and this is a remedial statute, and shall be construed favorably. (1 Salk. 8, pl. 21. 7 T. R. 31, 32, note.(a) Dunl. Pr. 747, note 20. 2 Archb. Pr. 78, .) The term is, in law, considered as but one day. (2 Cruis. Dig. 57, s. 22, citing 6 Mod. 191. Jac. L. Dict. Terms.)

True, the plaintiff must, in general, show want of probable cause. But this was never intended of a case where it is admitted by the pleadings. That it is so admitted by the frame of this plea, there cannot be a question. (Steph. on Pl. 234; Summary of Pl. 59; 1 Phil. Ev. 131, 147; Bull. N. P. 298; 2 Esp. Dig. Gould's ed. 504, 505; Com. Dig. Pleader, (s. 17, 18); Peak. Ev. 7, Norris. ed. id. 466; 1 Stark. on Ev. 295, 388; 2 id. 345.)

*Curia, per* WOODWORTH, J. Without inquring whether the fact, that the plaintiff below died before verdict, is regularly before us, on the bill of exceptions, I am satisfied it cannot be alleged for error. This question is disposed of by the act, (1 R. L. 144, sec. 5.) "The death of either party between verdict and judgment in any action, shall not be alleged for error." At the common law, it was otherwise; the remedy is not confined to cases where the cause of action survives, but is general. It therefore applies to the present case. I am not aware of any authority that has given a construction to the statute restricting the operation of its general terms. (1 T. R. 31, 2, note(a.))

Where an interlocutory judgment only, has been obtained, there the statute remedy is different. In such cases the action does not abate, if it might originally be prosecuted by the executor or administrator of the plaintiff.

NEW YORK, (1 R. L. 312.)   Under this provision, the present action
May, 1827.
————————  would abate; but it is not governed by it.  It is *protected
Morris     by a statute applicable only to the case of verdicts.   The
v.
Corson.    judge below decided correctly.

There is no doubt that, to sustain an action for a mali-
cious prosecution, it is incumbent on the plaintiff to prove
the want of probable cause.   It is equally clear, however
that it is immaterial whether the fact be established by
proof derived from witnesses, or admitted by the pleadings;
it is the same thing.   The only issue joined in this cause
was upon the plea of justification; and consequently no
evidence was admissible, which did not tend to establish
the truth or falsity of that plea.   Every traversable alle-
gation in the declaration, not denied by the plea, was ad-
mitted on record and required no proof.  (Phil. Ev. ch. 7,
sec. 3, 126, 141; 1 Starkie, 295, 388.)   Apply these rules
to the case under consideration.   The charge, stript of
legal form, is this: that the defendant had, without pro-
bable cause, prosecuted the plaintiff for a felony.   Here are
two allegations.   If there was probable cause, or if the de-
fendant could prove the plaintiff guilty, his justification
would be complete.   Both allegations are material.   Had
the defendant pleaded the general issue, the plaintiff was
bound to show want of probable cause.   If the defendant
omitted that plea, and preferred taking on himself to prove
probable cause, he might do so by pleading the facts.   He
might have taken that course if he had so elected.   The
plea would be good; because, had he shown probable cause,
there would be an end of the action.   It was not necessary,
however, to plead in that manner; because the defendant
might avail himself of that defense under the general issue;
with this advantage; that if the plaintiff failed to make
out the want of probable cause in the first instance, the
defendant would not be required to offer any proof.   The
defendant has waived any answer to the allegation of want
of probable cause, and put his defense solely on the ground
that the plaintiff was guilty of the felony.   According to
the established rules of pleading, every traversable fact, in
the declaration, not answered by the plea, was admitted.

If the defendant could verify his plea, he must prevail; if he could not prove the plaintiff *guilty, he had no further defense. He could not resort to the want of probable cause, for he had not put that in issue; and by not putting that in issue, he admitted it. There was, therefore, no error in the decision of the judge. The judgment of the court below must be affirmed.