### FRANCIS DODGE & another *vs.* COUNTY COMMISSIONERS OF ESSEX.

The damages occasioned by laying out and making a rail road, and which, by Rev. Sts. *c.* 39, § 56, county commissioners are bound to estimate, include injuries which are done, by a rail road corporation, to buildings near the line of the road, by means of blasting, in a proper manner, a ledge of rocks through which the rail road passes.

T.HIS petition for a mandamus was argued at the last November term, by *Rantoul & Ward*, for the petitioners, and by *Saltonstall & N. J. Lord*, for the respondents. The opinion of the court, which was delivered at this term, shows all the facts of the case, and the grounds taken by the respective counsel.

SHAW, C. J.    This is an application for a writ of manda-
mus to the commissioners, requiring them to assess damages for
the petitioners against the Eastern Rail Road Company.    The
facts, as set forth in the petition and admitted by the answer of
the commissioners, are, that the plaintiffs are owners of a lot
of land in Beverly with a house thereon, situated near the limits
of the rail road, but not within them ; that the rail road is near
a ledge of rock ; that the company, by the necessary operation
of blasting said ledge of rock, for the purpose of grading their
rail road, greatly damaged and nearly destroyed the petitioners'
house.

This case presents the question, whether, under the provisions
of the revised statutes respecting rail roads, one can have com-
pensation for damages, whose land has not been directly taken
for the site of the rail road, nor for supplying materials for its
construction.

It is not now necessarily a question, whether the property of
an individual, thus necessarily and injuriously affected, and in
effect withdrawn from the profitable use and beneficial control
of the owner, is appropriated to public uses, within the pro-
vision of the 10th article of the declaration of rights.    It was
quite competent for the legislature, in providing for the prose-
cution of a great public work, to require compensation to be
made to persons injuriously affected by it, though not a case
coming within the express requisitions of the bill of rights ; and
the corporation, by accepting the act of incorporation, became
bound by such provisions.    It is a question, therefore, depend
ing on the construction of the Rev. Sts. *c.* 39, which are re-
ferred to and made part of their act of incorporation.

It is contended, however, on the part of the Rail Road Com-
pany, that the remedy for a damage like that of the petitioners,
where no land is taken or appropriated, is not to be sought by
an application to the county commissioners, but by an action at
common law.    But it has been truly answered, on the part of
the petitioners, that it is a reasonable and now well settled prin-
ciple, that when the legislature, under the right of eminent do
main, and for the prosecution of works for public use, authorize

an act or series of acts, the natural and necessary consequence of doing which will be damage to the property of another, and provide a mode for the assessment and payment of the damages occasioned by such work, the party authorized, acting within the scope of his authority, is not a wrong doer ; an action will not lie as for a tort ; and the remedy is by the statute, and not at common law. *Stevens* v. *Middlesex Canal*, 12 Mass 466. *Stowell* v. *Flagg*, 11 Mass. 364. *Lebanon* v. *Olcott* 1 N. Hamp. 339. *Calking* v. *Baldwin*, 4 Wend. 667.

Still the question recurs, whether the statute does provide such remedy in the case stated. The provision is this : " Every rail road corporation shall be liable to pay all damages, that shall be occasioned by laying out, and making and maintaining their road, or by taking any land or materials, as provided in the preceding section," &c. Rev. Sts. *c.* 39, § 56.

The court are of opinion, that the provision is broad enough to embrace damage done to real estate, like that which the petitioners have sustained. It is like the case of a house situated on the brink of a deep cutting, so as to become insecure, and so that it is necessary to remove it. It is a damage occasioned by the laying out and making of the road.

But it is contended that this is to be limited, by reference to § § 54, 55, providing for the taking of lands for the line of the road, and also for materials, if without the limits of the road, by authority of the commissioners. But we can perceive no ground upon which the plain provision of § 56 is to be so limited. It undoubtedly provides for damages in those cases , but it does not limit the provision to those cases.

But it is said that the damage done to the petitioners' house, not on the line of the rail road, was accidental and consequential, and not the necessary effect of making the rail road.

The statement made in the petition, and admitted in the answer, is, that the company located and constructed their rail road, through land next adjoining that of the petitioners ; that they contracted with persons to blast a ledge of rocks in such adjoining land, and agreed to indemnify them against any damage arising therefrom ; and that, in blasting said rocks, the house of the petitioners was necessarily destroyed.

An authority to construct any public work carries with it an authority to use the appropriate means. An authority to make a rail road is an authority to reduce the line of the road to a level, and for that purpose to make cuts, as well through ledges of rock as through banks of earth. In a remote and detached place, where due precautions can be taken to prevent danger to persons, blasting by gunpowder is a reasonable and appropriate mode of executing such a work ; and, if due precautions are taken to prevent unnecessary damage, is a justifiable mode. It follows that the necessary damage occasioned thereby to a dwellinghouse or other building, which cannot be removed out of the way of such danger, is one of the natural and unavoidable consequences of executing the work, and within the provisions of the statute.

Of course, this reasoning will not apply to damages occasioned by carelessness or negligence in executing such a work. Such careless or negligent act would be a tort, for which an action at law would lie against him who commits, or him who commands it. But where all due precautions are taken, and damage is still necessarily done to fixed property, it alike is within the letter and the equity of the statute, and the county commissioners have authority to assess the damages. This court are therefore of opinion, that an alternative writ of mandamus be awarded to the county commissioners, to assess the petitioners' damages, or return their reasons for not doing so