Smith, J.
— “ It is contended by the counsel for the plaintiff, that the method pointed out by the charter, for obtaining compensation when the property of individuals has been taken by the Company for the purpose of constructing their canal, is cumulative only and does not take away the common law remedy. This position cannot lie sustained. In cases like the present, where a work of a public character is authorised by an act of the legislature, and a mode of obtaining compensation for pri vate property to be, taken for its construction is specifi cally prescribed, such compensation must be sought in the way pointed out by the act and not otherwise. Calking x. Baldwin, 4 Wend. 667. We also think, that the provisions of the 11th section of the charter contemplate, that the arbitrators to be appointed for the assessment of the amount of compensation to be received by individuals, for injuries sustained by the appropriation of their property to the purposes of the Company, shall assess the entire value *94 of such property. After such assessment of damages and payment thereof, the property taken is evidently intended to be vested permanently in the Company, and there can be no good reason for subjecting the latter, to as many suits or proceedings as the owners of the property taken might choose to institute, to require the assessment of damages for the use of such property during successive periods of time, if they should think proper so to split their claims. The Company was, therefore, entitled to disregard the, application made by the plaintiff" as alleged in the second count of the declaration, if the arbitrators to be appointed were restricted by him as is averred in the plea demurred to.”
Judgment affu med, &c.