## SAMPLE *v.* GRIFFITH.

Where a defendant answered the petition of the plaintiff, denying any indebtedness to the plaintiff, in manner and form, and for the purposes and undertakings, set forth in the petition, and also setting up new matter, to which answer there was a demurrer, which was sustained by the court; and where the defendant failed to answer over, and judgment was rendered against him by default; *Held*, 1. That the court erred in sustaining the demurrer to the whole answer; 2. That the demurrer did not apply to the whole answer; 3. That the denial of the indebtedness raised an issue, which precluded any judgment by default against the defendant.

An issue cannot be taken on the facts stated in a petition or affidavit for an attachment.

Sample v. Griffith.

Where, in an action commenced by attachment, the defendant, after de-
nying the facts averred by the plaintiff, on which the attachment was
prayed, alleged that he had suffered damages to the amount of one thou-
sand dollars, by the wrongful suing out of the writ, which damages he
claimed should be allowed by way of recoupment to plaintiff's claim,
to which answer a demurrer was sustained; *Held*, That the facts relied
upon by defendant, were not stated with sufficient certainty and dis-
tinctness to constitute a plea of set-off.

A defendant cannot plead by way of set-off, or cross-action, any matters
growing out of an unsettled partnership transaction between himself,
the plaintiff, and third person.

*Appeal from the Floyd District Court.*

WEDNESDAY, DECEMBER 23.

Suit on three promissory notes—the first for the sum of
$694,50, payable to plaintiff, and due July 21st, 1856 ; the
second and third for the sum of $333 each, payable to H.
C. Tatum or bearer,—one of them due January 21st, 1856,
and the others due July 21st, 1856, and assigned to plain-
tiff.   On the averment of plaintiff, that the defendant had
property not exempt from execution, which he refused to
give either in payment or security of the debt sued for, an
attachment was issued against the estate of defendant, and
levied by the sheriff on his property.   The defendant an-
swered: 1. Denying any indebtedness to plaintiff, in man-
ner and form, and for the purposes and undertakings set
forth ; 2. Denying the facts averred by plaintiff, on which
an attachment against the property of defendant was
prayed, and claiming damages by way of recoupment, for
the injury arising from the acts of plaintiff in suing out
the attachment; 3. Averring that defendant was induced
to execute the notes sued on by the false and fraudulent
representations of plaintiff; that the consideration thereof
had failed ; and that defendant had thereby suffered great
damage, which he claims to set-off against the plaintiff's
claim on the notes; and, 4. The defendant further pleaded,
certain matters arising out of partnership transactions of
defendant with plaintiff and H. C. Tatum, the payee of

the notes sued on. A demurrer to this answer was filed by plaintiff. The record states as follows : "Demurrer sustained by the court; exceptions taken; writ of attachment sustained; and it is hereby ordered by the court, that the property attached be held to satisfy the judgment. The defendant fails to answer over, but makes default; it is, therefore, ordered that plaintiff recover &c." The judgment was for $1413,24, from which defendant appeals.

*R. Noble* and *E. Odell*, for the appellant.

No appearance for the appellee.

STOCKTON, J.—The error assigned is, that the district court sustained the demurrer to the whole of defendant's answer. We think this assignment of error is well taken, and that the district court erred in rendering judgment against defendant, as for want of an answer. There was, to say the least of it, a general denial of any indebtedness on the part of defendant to plaintiff, in the manner and form charged in the petition, and as a demurrer did not apply to this part of the answer, an issue was thereby raised, which precluded the possibility of any judgment by default against defendant.

The second head of defendant's answer, is a denial of the facts alleged by plaintiff, as a cause why an attachment ought to issue against defendant's property, with an averment that defendant had suffered damages to the amount of one thousand dollars, by the wrongful suing out of the writ, which damages he claims should be allowed him, by way of recoupment to plaintiff's claim. This part of the answer is so inartificially drawn, that it is difficult to determine whether it is intended to be understood as a plea of set-off, or whether the matters alleged are merely intended to add weight to the prayer with which the plea concludes, that the writ of attachment be dissolved, and that the property seized be restored to defendant. This court has heretofore decided that, in a case like the present, an issue cannot be made on the facts alleged in the plaintiff's

affidavit for an attachment. *Sackett, Belcher & Co.*, v. *Partridge & Cook*, 4 Iowa, 416. For this reason, and for the further reason, that the facts relied upon by defendant, are not stated with sufficient certainty and distinctness to constitute a plea of set-off, the demurrer to this part of the answer, was properly sustained.

We cannot say that the matters stated in the third division of the answer, if properly pleaded and set forth, would not amount to a sufficient defence to the plaintiff's action. It is not possible, however, for us to determine, from the manner in which they are pleaded, whether defendant designed to aver them by way of set-off, or cross action to the plaintiff's claim, or to show that the notes sued on, were void for fraud practiced by plaintiff in obtaining them, or that the consideration on which they were founded, had wholly failed. There is such a want of point and directness in the pleading, and such a confusion of matters which should have been averred in distinct pleas, and under distinct heads of defence, that we think the district court was justified in sustaining the demurrer to this part of the answer.

The defendant, by his last special plea or answer, alleges certain matters growing out of the partnership of plaintiff and defendant with one H. C. Tatum, in the ownership of certain lands, and in the erection of a saw-mill thereon, and claims that there are certain large amounts of money due to defendant, from plaintiff, from matters growing out of the said partnership, and for advances made by defendant in money, labor and materials, and for liabilities assumed by him, by reason of the said partnership. To this part of the answer, we think, the demurrer was properly sustained. It was not competent for defendant, to plead by way of set-off or cross-action, any matters growing out of this unsettled partnership transaction with plaintiff and Tatum, in the ownership of the land, and in the erection and carrying on of the saw mill. These matters are more properly the subject of a suit in equity, which, it appears, by the answer, defendant has com-

menced, for the settlement of the affair of the partnership If any amount had been found to be due defendant from the plaintiff, either by the decree of the court, or the agreement of the parties, it would have been the subject of an action or set-off, but until it is so liquidated and ascertained, the remedy of defendant is in chancery, for what ever amount may be due him from his co-partners, or either of them, on the matters pleaded.

For the error of the court in sustaining the demurrer to the whole of the answer, and rendering judgment against defendant by default, as for want of an answer, the judgment is reversed.

Judgment reversed.