**112**     CASES IN THE SUPREME COURT

The State Bank vs. Fowler et al.                    [OCTOBER

### THE STATE BANK VS. FOWLER ET AL.

Where the principal debtor and one of his securities are absolutely discharged from a judgment, on the plea of payment to a scire facies to revive it, by reason of the accident or mistake of the clerk in entering satisfaction of the judgment, a court of equity will not grant the plaintiff any relief against a co-security to whom no fraud or unfairness is imputed.

*Appeal from Pulaski Chancery Court.*

Hon. HULBERT F. FAIRCHILD, Chancellor.

S. H. HEMPSTEAD, for the appellant.

Pike has admitted his liability in his answer, and why then should not the amount be decreed against him? The idea of the chancellor appears to be that Pike is a surety; that it is a hard case on him as such, and that the Bank has been guilty of negligence.

Now as to Pike being principal or surety, it cannot possibly make any difference in his liability that we can perceive. As far as the Bank is concerned, they are both principals, though as to each other the relation of principal and surety does exist.

We claim, then, that, according to the most familiar principles of equity jurisprudence, Pike *having admitted the mistake and consequent responsibility in his answer, and it appearing that the debt on which he was a principal to the Bank was credited with an amount which never was paid;* it follows that the Bank must be entitled to a decree against Pike for the amount. And he, upon payment, will have his remedy against Fowler, his prinpal. It is a case of mistake, to correct which a court of chancery has, and always had, jurisdiction.

PIKE, contra.

The very first principle of the law of principal and surety is,

that the obligation of the surety is *accessory* to that of the principal, *i. e.* it is *of its essence* that there should be a valid obligation of some one who is the principal debtor. The nullity of the principal obligation *necessarily* induces the nullity of that of the accessory. For without a principal, there can be no accessory. *Theobald on Principal and Surety*, 2. *Burge on Suretyship*, 3.

It results from the character of the surety's obligation, that it becomes extinct by the extinction of the latter. The moment the latter ceases, the former dies. *Theobald on Principal and Surety*, 3; *Jones vs. Lewis*, 4 *Barn. and Cress.* 506; *Hawkshaw vs. Perkins*, 2 *Swanst.* 539.

If the creditor places himself in such a situation that he cannot subrogate the surety to his rights against the principal, the surety is thereby discharged. 3 *Paige* 614; *Eppes vs. Randolph*, 2 *Call* 125; *Worthington vs. Ferguson*, 4 *Harr. & John.* 522; *Creager vs. Bengle*, 5 *id.* 234; *Cheesebrough vs. Millard*, 1 *J. C. R.* 413; *Hayes vs. Ward*, 4 *id.* 129.

Hon. HARRIS FLANAGIN, Special Judge, delivered the opinion of the Court.

The appellant brought her bill in chancery on the 17th day of October, 1854, and which bill was lost and a new bill was substituted, which charges:

That on the 16th November, 1846, the appellant recovered against the defendants, Fowler and Pike and Thomas W. Newton, deceased, $4,850, together with ten per cent. interest from the 7th day of July, 1844, and costs. The debt was the personal debt of Fowler, and Pike and Newton were his securities. On the 28th day of June, 1853, a writ of scire facias was issued, and on the 26th day of January, 1854, the death of Newton was suggested, and the suit abated as to him and progressed against Pike and Fowler, who filed a plea of payment, and the case being submitted to a jury they found that $1,721 53, with interest from October 12th, 1847, were still unpaid. That Fowler,

to defraud the Bank, offered in evidence and obtained the benefit of a record entry dated December 10th, 1847, whereby the Bank, by her attorney, acknowledged in open court that she had received from the defendant Albert Pike, full satisfaction of one-half of said judgment. Fowler had full knowledge that that entry was a mistake, and that Pike had paid nothing, and obtained a credit equivalent to $3,242 4-100. Within a year after it was made, Albert Pike informed him, Fowler, it was a mistake, and that he had never paid it. Neither of the defendants had paid it. That the officer of the Bank, who directed the entry, was dead at the revivor. That there was no officer of the Bank, at the time of said revivor, who knew of the mistake, and that Albert Pike was absent at the time, and only informed the receiver of the Bank of the mistake after his return. Pike could not be a witness, and a court of law could not now correct the error. The receiver of the Bank did not suspect the mistake. That Albert Pike and Absalom Fowler were the securities of George Waring, and Pike paid his half of the judgment, when by mistake the judgment against Fowler, Pike and Newton was credited. Prays that the record entry of satisfaction be set aside, and for general relief.

Fowler demurred and his demurrer was overruled: he then filed an answer denying that there was either fraud or mistake, and insisting that the money was paid, and if not, he supposed it to be so, at the return of the scire facias. Newton as administrator of his father adopted Fowler's answer as the best of his knowledge, information and belief.

Pike answered, that he believed all the allegations in the bill to be true. That the credit of record was entered by mistake of the clerk. That he never paid anything in satisfaction of said judgment. That he paid one half of a small judgment, on which there was also a judgment on a forfeited delivery bond, against Waring, Pike and Fowler, and requested Lincoln, attorney for the Bank, to acknowledge satisfaction of the original judgment, and one-half of the one on the delivery bond; and the clerk, by mistake, entered the half satisfaction on the

much larger judgment for Fowler's own debt. He thinks he informed Fowler of the mistake, and that nothing had been paid, within one year after the transaction and before the enquiry about it—after Lincoln's death, informed Ross. He has never concealed it, but has told every one that asked him.

The case went to hearing upon bill, answers, replications and exhibits to the bills and answers, without proof, and the court decreed that the bill be dismissed.

This case is brought by the complainant to this court by appeal.

As Fowler and Newton's answers are responsive to the bill and deny its equity, and there is no testimony to overthrow the answers, it is not contended but that the decree must be affirmed as to them.

The question remaining to be disposed of, is; whether relief can be given against Pike, the security of Fowler, (who is charged with no fraud or unfairness) on the ground of accident or mistake on the part of the Bank, or fraud upon the part of Fowler, notwithstanding the absolute discharge, upon a plea of payment, of his principal, Fowler, and co-security, Newton.

If the judgment and the satisfaction had been against Fowler and Newton only, and this had been a proceeding at law against Pike, the authorities are clear that the discharge as to Fowler and Newton would have discharged Pike, on the ground that the payment by one of a common liability would operate as a payment as to all. This would have been the law of the case, if the contract had been made by partners in interest, and not by principal and security as is the case here.

The relation of principal and security, although it may cease to exist so far as to make them all principals at law, continues in chancery even after a judgment at law. *Thompson et al. vs. Adams et al., Freem. Ch. Rep.* 225; *Thruston vs. Prentiss, Walk. Ch.* 529.

It is not pretended that Albert Pike was guilty of any fraud. On the contrary, this matter would never have been explained but for the reason that he explained it himself. His whole conduct in the matter has been marked with the utmost fairness.

The question presents itself, what remedy would Pike have against Newton's administrator, were he to pay this judgment? There having been a judgment in his favor at law, and a decree upon the merits of the case, there could no claim be made against him in favor of the creditor, and according to the authorities, none for contribution to a co-security.

In *Littledale vs. Robinson*, 2 *Brock.* 159, it was held that the security took the place of the creditor, after paying the secured debt, against a co-security. And in *Lowndes vs. Pinkney*, 1 *Rich.* 155, the court quoted approvingly *Littledale vs. Robinson*, and say: "So, if a co-security has a receipt in full, or other satisfactory defence, it would not be contended that a verdict against the other security would debar the use or validity of the defence. According to *Littledale vs. Robinson*, this is the criterion; the co-security takes the place of the original debtor, and may be resisted upon the same principles, and in the same way." Under these circumstances was Pike the complainant in a bill in chancery against a suit at law, he would be released from one-half the liability. 1 *Story Eq. Jur.* 498, *a*.

A security is entitled, upon the payment to a creditor, to an assignment of the cause of action, and to be subrogated to his rights. In *Eppes vs. Randolph*, 2 *Call* 125, it was held that a security paying a bond creditor was entitled to take his place as a bond creditor. The decision was affirmed in *Littledale vs. Robinson*, 1 *Brock.* 159. Lord HARDWICK, in 1*st Atk.* 133, declared that when a security pays off a debt, he is entitled to have an assignment of the security. The same principle is recognized in *Rushforth ex parte*, 10 *Vesey* 420; *Wright vs. Morley*, 11 *Ves.* 22; *Cragthorn vs. Swinburn*, 14 *Ves.* 162; *Hays vs. Wood*, 4 *John. ch.* 129.

In this case, the Bank, by an act of her own, has utterly placed it out of her power to turn over the security to Pike should he pay the judgment. It is at least doubtful, whether, if this judgment should be paid by Pike, he would have any remedy against Newton.

In *Thornton et al. vs. Prentiss et al.*, *Walker's Ch. R.* 529, it

OF THE STATE OF ARKANSAS. **117**

Term, 1860.]                    State Bank vs. Fowler et al.

was declared, that if a security pay a judgment, which is void for usury, he pays it in his own wrong, but if it is not void he may recover of the principal the sum due. In *Shaw vs. Loud*, 12 *Mass*. 446, the security was released by the statute of non-claim, but the principal was still bound, and the debt was paid by the security: the court held that the principal being bound to the creditor, the security could recover. In *Ford vs. Keith*, 1 *Mass.* 140, it is distinctly implied that had the principal given express notice not to pay a usurious contract to the creditor, the surety paying it would pay in his own wrong. In this case, in law and in chancery, the principal is absolutely discharged, and should Pike pay it voluntarily, he could not recover from the principal. If a surety pays after the obligation has been discharged he has no remedy. *Addison on Contracts* 672.

A surety who pays money on a judgment absolutely barred has no remedy against his principal. *Randolph vs. Randolph*, 3 *Rand*. 490.

If a surety pays a debt with notice not to pay, and sues his principal, his principal will have the same remedy as against the original creditor. *Mims vs. McDowell*, 4 *Geo*. 182.

Upon general principles it seems clear that he is not liable. A surety is no longer obliged when the principal debtor for whom he is bound is discharged. *Pothier on Ob*. 306; *Chitt. on Con*. 415.

When a principal is discharged by anything that is not personal to him, as infancy, bankruptcy, etc., the surety is discharged. *Pothier on Ob*. 307.

It is "the essence of this contract that there should be some one bound as principal," and the liability ceases as soon as the principal is discharged. *Chitt. on Con*. 441; *Burge on Suretyship* 3.

In this case, Pike has incurred a liability which is strictly legal and supported by no consideration going to himself, and is only liable according to the strict terms of the contract. *United States vs. Cushman*, 2 *Sumn*. 426; *Ludlow vs. Simond*, 2 *Caines Cases* 1; *Brooks vs. Brooks*, 1 *Gill & John*. 306: and the creditor

has discharged that contract, including the contract of the principal and co-security, by mistake, without the fault of Pike, and now either the creditor or surety must lose. The equities are equal, and the law must prevail. 1 *Story Eq. Jur.* 64.

Admitting the law to be settled that equity will relieve against the security for fraud, accident or mistake, and that a party cannot avail himself of the fraud of another, we hold that Pike was discharged at law by the judgment, and that, under the circumstances, he cannot be held responsible in equity.

The decree is affirmed.

Mr. Justice FAIRCHILD did not sit in this case.