## TALLANT v. THE BURLINGTON GAS-LIGHT COMPANY.

**Attachment:** ACTION FOR WRONGFUL SUING OUT. In the absence of malice an action for the wrongful suing out of an attachment can be maintained only on the attachment bond. In order to maintain an action independently of statute and not on the bond, malice in suing out the writ must be averred and shown.

*Appeal from Des Moines District Court.*

FRIDAY, MARCH 21.

THE plaintiff's petition states that in 1857 he, with one R. C. Kendall, became surety on a promissory note made by Greene, Thomas & Co., to the Burlington Gass-light Company in the sum of $1,000, payable in sixty days; that in 1858 Greene, Thomas & Co. paid off said note in full; that in the same year plaintiff, Tallant, became a non-resident of the State of Iowa, at which time he left with certain persons, named, in Burlington, Iowa, over $6,000 in money, notes and other property; that in 1859 the defendant herein brought an action on said note in the district court of Des Moines county against the principals and sureties thereon, in which action a writ of attachment was issued and levied on the said property of this plaintiff left by him in Burlington at the time of his removal from the State; that said property was held under said writ until September, 1868, when it was returned to plaintiff.

It is further averred that in 1868 the plaintiffs in said action on said note dismissed the same as to the sureties; that said action was afterward tried as against the principals on said note and judgment rendered against the plaintiff therein, which was affirmed in the supreme court on appeal in 1869.

It is alleged that the detention of plaintiff's property under the writ of attachment was wrongful, etc.; that he has been at great expense in defending against said attachment; that in the meantime the said property was wholly unproductive, etc. A judgment for $6,000 damages is prayed.

To this petition the defendants demurred, which being sustained, the plaintiff appeals.

*Stutsman & Trulock* for the appellant, to the point that an action for the wrongful suing out of an attachment may be maintained independently of the statute and not on the bond, cited *Stadler Bro. & Co.* v. *Parmelee & Watts*, 10 Iowa, 23; *Reed* v. *Chubb Brothers*, 9 id. 178; *Almy* v. *Harris*, 5 Johns. 175; *Farmers' Turnpike Co.* v. *Coventry*, 10 id. 390; *Cavender* v. *Eldred*, 15 id. 220; *Jackson* v. *Randall*, 4 Wend. 667; *Wetmore* v. *Tracy*, 20 id. 614.

*P. Henry Smyth* and *Halls & Baldwin* for the appellee, *contra*, to the same point, cited *Lindsey* v. *Larned*, 17 Mass. 189; *Savage* v. *Brewer*, 16 Pick. 453; *Murray* v. *Long*, 1 Wend. 140; *Morris* v. *Corson*, 7 Cow. 281; *White* v. *Dingby*, 4 Mass. 435; 4 Mod. 13; 3 Barn. & Cress. 139.

MILLER, J. — The plaintiff seeks to recover damages for the alleged wrongful suing out of a writ of attachment in an action wherein the defendant herein was plaintiff and the plaintiff herein was a defendant, upon which writ his property was seized and held for several years to his injury. No malice or want of probable cause is alleged in the suing out of the attachment. Nor is it averred that the property attached was not subject to attachment. This action is not brought upon the attachment bond, nor is a copy of the same annexed to the petition. The demurrer raises the question whether, in the absence of any allegation of malice or want of probable cause, a common-law action for damages is maintainable under the facts above stated.

Independently of any statutory provision a common-law action would lie against a plaintiff in a civil action who maliciously and without probable cause sued out process and prosecuted the action. 4 Mod. 13; 1 Salk. 14; 3 Barn. & Cress. 139; 2 id. 693; 1 Bos. & Pul. 388; *Savage* v. *Brewer*, 16 Pick. 453; *Murray* v. *Long*, 1 Wend. 140; *Morris* v.

*Corson,* 7 Cow. 281 ; 3 Gill & Johns. 377 ; *White* v. *Dingby,* 4 Mass. 435 ; *Lindsey* v. *Larned,* 17 id. 189.

In order to maintain such an action it was necessary to allege and prove both malice and want of probable cause. Id.

It is true that the process of attachment is a creature of the statute, unknown to the common law; but this cannot affect the principle upon which the rule above stated is based. It is a lawful process of which a plaintiff may avail himself, as might a plaintiff, by the common law, avail himself of the writ of *capias,* under which the defendant might be arrested; but no action would lie in such case unless the *capias* was sued out maliciously and without probable cause. (See the cases above cited.) And it was expressly held in *Lindsey* v. *Larned, supra,* that no action lies for one whose property has been attached, and who has suffered damage in consequence of a civil action which has been abated, unless the prosecution of the suit was malicious.

It is claimed by appellant that a contrary doctrine has been recognized by this court. The only support, however, for this claim is found in language used by WOODWARD, J., in *Stadler Bro. & Co.* v. *Parmlee & Watts,* 10 Iowa, 23 ; but the question now before us was not involved or argued in that case. There is nothing in *Sample* v. *Griffith,* 5 Iowa, 376, or in *Reed* v. *Chubb Bros. et al.,* 9 id. 178, bearing upon the question. In the former of these two cases it was held that the facts stated by defendant, as a plea of set-off for damages for wrongfully suing out the writ of attachment, were not stated with sufficient certainty to amount to a good plea; and also that an issue could not be taken on the facts stated in the petition or affidavit for an attachment. The case cited from 9 Iowa decides that a claim for damages by reason of a breach of the attachment bond may, where the writ is sued out at the commencement of the action, be pleaded as a set-off.

We have found no case holding, in the absence of any averment of malice and want of probable cause, or that the property levied upon was exempt, or not liable to attachment, that an action independently of any statute would lie for the wrong-

ful suing out of an attachment. The remedy, like the writ of attachment, is created by the statute and would seem to be exclusive. It is not like a case where the statute prescribes a remedy where one already exists by the common law. In such cases the rule is that the statutory remedy is cumulative unless the common-law remedy be clearly negatived by the statute. *Almy* v. *Harris*, 5 Johns. 175; *Cavender* v. *Eldred*, 15 id. 220; *Jackson* v. *Randall*, 4 Wend. 667.

The Code of 1851, which was in force when the plaintiff's cause of action accrued, provided (§ 1853) that before any property could be attached the plaintiff was required to file with the clerk a bond for the use of the defendant with approved sureties, etc., conditioned that the plaintiff should pay all damages which the defendant might sustain by reason of the wrongful suing out of the attachment. And by the next section (1854) it was provided, that in an action on such bond the plaintiff therein might recover if he showed that the attachment was wrongfully sued out, and if willfully wrong he might recover exemplary damages. Nor need he wait until the principal suit was determined before bringing his action on the bond. Thus the same statute which allowed the process of attachment created the remedy for its abuse. The plaintiff asking the writ was required to give a bond with sureties to pay all damages which the defendant might sustain if the writ was wrongfully sued out, and the defendant was given an immediate right of action thereon. These sections of the Code of 1851 are substantially re-enacted in the Revision of 1860. (See §§ 3181, 3183.) In addition to the provisions of the Code of 1851 the Revision provides that "the facts stated as a cause of attachment shall not be contested in the action by a mere defense. *The defendant's remedy shall be on the bond*, but he may in his discretion sue thereon, by way of counter-claim or cross-demand, and in such case shall recover damages as in an original action on such bond." This last section probably only declared what the law had been previously held to be by this court. In *Sackett, Belcher & Co.* v. *Partridge & Cook*, 4 Iowa, 416, it was held that the facts alleged as grounds for an

attachment could not be controverted and an issue made thereon in the principal suit, and "that such issues could be made *only in an action on the attachment bond.*" The same doctrine was held in *Sample* v. *Griffith, supra.* It had not then been held that the damages for breaches of the bond could be pleaded by way of set-off, but this was subsequently held in *Reed* v. *Chubb Bros. et al., supra,* and *Stadler Bro. & Co.* v. *Parmlee & Watts, supra.*

To contest the facts stated as a cause of attachment is to allege that the attachment was wrongfully sued out, which constitutes a breach of the attachment bond. The attachment, the bond and the remedy thereon are all alike creatures of the statute, and, as held in the cases cited and now by the express language of the statute, the remedy is by action on the bond.

We therefore hold that, in the absence of any averment of malice, the remedy for the wrongful suing out of the writ of attachment upon which plaintiff's property was seized, is only by an action on the bond.

The demurrer was properly sustained and the judgment of the district court is

Affirmed.