CASE No. 1068.

SAMS v. PORT ROYAL AND AUGUSTA RAILWAY COMPANY.

1. A tract of land belonging to S. was acquired by the United States under the provisions of the direct tax act of 1863, (12 *U. S. Stat.* 422,) but was afterwards restored to S. During its occupancy by the United States a railroad was constructed over this land, and, subsequently, an officer of the government demanded of the railroad company compensation for the right of way used by them, but did not obtain it. After the restoration to S., he commenced an action against the successors by purchase of this railroad for the recovery of their road-bed and for damages. *Held*, that he was properly non-suited.

2. S. received the land back in its then condition, encumbered with all acts of the United States affecting it, done while in their possession.

3. If the notice served upon the railroad company was by authority of the United States government, it was an admission of the right of the company to the use of their road, binding upon S.; and his only remedy is that provided by General Statutes, Chapter LXIII.

---

Before THOMSON, J., Beaufort, November, 1880.

Action by Lewis R. Sams against the defendant corporation. The opinion states the case. It does not appear that the Port Royal Railroad Company took any notice of the letter of W. R. Clautman, set out in the opinion.

*Messrs. W. J. Verdier* and *J. D. Pope*, for appellants.

*Mr. William Elliott,* contra.

July 27th, 1881. The opinion of the court was delivered by McGOWAN, A. J. This case was heard in connection with that of *William J. Verdier* v. *Port Royal R. R. Co.,* just decided, *ante p.* 476. The general questions are the same, only modified by a difference of one or two facts. In this case the plaintiff was the owner of the land prior to 1863, when the United States became seized, under the operation of the direct tax acts of congress, and held the same until 1875, when the authorities of the government released the same to the plaintiff under the act of congress, June 8th, 1872. In 1870, while the land was owned by the government, the Port Royal Railroad Company entered upon and took so much thereof as was necessary for a right of way. They finished their road over it in 1871. On April 30th, 1872, the following notice was served on S. C. Millett, superintendent, and one of the directors of the company :

" United States Internal Revenue Collector's Office, Second District, South Carolina,
" BEAUFORT, April 30, 1872.

" GENTS : You will please take notice that a portion of your road is built upon lands belonging to the United States, without your having procured the right of way. You are hereby requested to make payment or compensation therefor, the same as though it belonged to private parties. By order of the commissioner of internal revenue.

" Respectfully yours,
" W. R. CLAUTMAN.
" By S. B. WRIGHT, *Deputy.*
" To the president and board of directors of the Port Royal Railroad, Beaufort, S. C."

In October, 1878, a new company, under the corporate name of " The Port Royal and Augusta Railway Company," became the owners of the rights, franchises and property of the old com-

pany, and continued to operate the road on the same track until September 17th, 1879, when this action was brought against the new company to recover so much of the road-bed as runs through the land. The Circuit judge granted a non-suit also in this case, and the appeal comes to this court.

As the plaintiff originally owned the land, he proved title in himself. The government acquired title from him, and he afterwards received it back, so that there is here no necessity for the application of the principle as to tracing title to a common source. When, however, the plaintiff received back the title and possession of all but *the strip on which the track was located,* he was not thereby restored to all the rights which he originally possessed when his title was divested, but he received the land in its then condition, affected by all the intermediate acts of the United States authorities touching the same. He acquired such rights only as the government had not, while owner, granted, or in some way lost. Notwithstanding his original ownership, as the last donee, he has no higher title than the last donor could give.

The notice given by the United States authorities in 1872, "requesting the company to make payment or compensation for the right of way," distinguishes this case from the one just decided. If this notice, in disregard of the act of congress granting the right of way "for the construction of highways over public lands," was without proper authority from the government, then it is the same as if no notice was received or given, and being like the case of Verdier *v.* Port Royal Railroad Company, the principles announced in that case must be conclusive of this. But if such notice was by the authority of the United States government, and by the proper officer, then that notice affords the proof that the government, while owner of the land, *did not object to the right of way,* nor claim to recover the land, but instead thereof, claimed "payment or compensation for the right of way." This was an admission of the right of the company to take so much as was necessary to locate the road, and a claim for compensation for it, " the same as though it belonged to private parties."

The act of 1868 prescribes the manner of securing compensation by private parties, for lands taken for right of way, and the

government, while owner, having claimed it, the plaintiff, the donee of the government, cannot ignore that claim and recover the land itself. No action of any kind, other than that allowed by the statute, can be maintained for damages. The statutory remedy provided for securing compensation to those whose lands are taken by the authority of the state, supersedes and excludes all other remedies. *McLaughlin* v. *C. & S. C. R. R. Co.*, 5 *Rich.* 597; *Fuller* v. *Edings*, 11 *Rich.* 245. In the latter case the court said : " Where the legislature authorizes the laying out of a highway or the establishment of other works deemed by them to be of public necessity and convenience, or when in their opinion it is for the public benefit, and in the construction thereof damages are supposed to result to the property of others, and a mode is provided by statute for the assessment and payment of the same, the party so authorized is not a *wrong doer,* and the *remedy* for the person injured is confined to the *mode provided by the statute*, and none exists at common law. 1 *Am. Railway Cases*, 163; 11 *Mass.* 364 ; 12 *Mass.* 446 ; 4 *Wend.* 667."

In the case from Wendell, Judge Marcy says : "The principles settled by the court for correction of errors in the case of *Rogers* v. *Bradshaw*, 20 *Johns.* 735, applied to this case, are fatal to the rights of the plaintiffs to sustain this action. * * * The rule of construction that if a statute gives a remedy in the affirmative, without a negative expressed or implied, for a matter which was actionable at common law, the party is not deprived of this common law remedy, but may elect to take it or that offered by the statute, does not, I apprehend, apply to acts done by the express authority of the legislature for a public purpose. Such, certainly, has not been the doctrine applied to suits against our public agents employed on our works of internal improvement, and such is not the doctrine that I am willing to apply to this case."

This is without prejudice as to any claim for compensation under the act which the plaintiff may be advised to make. Upon that point we express no opinion.

The judgment of this court is that the judgment of the Circuit Court be affirmed.

SIMPSON, C. J., and McIVER, A. J., concurred.