Jones, J.,
delivered the opinion of the Court.
This was an action of debt, brought in that Court by the defendant in errror, for the use of the county of St. Louis, against the now plaintiffs, on the official bond given by John W. Thompson, late Sheriff of that county, in which they were his securities.
The defendants having craved and obtained oyer of the bond and condition, which was, that Thompson should, well and, truly perf orm the duties of Sheriff of the county to •which he was appointed, according to law, to the best of his knowledge and abilities, and make faithful payment of all moneys he might collect, either for the public or indi« viduals, plead performance, generally, of the condition of the said bond.
To this plea the plaintiff replied, that Thompson, after the making of the said obligation, and during the time he was such Sheriff, to wit: at a regular term of the Circuit Court for the county of St. Louis, in July, 1820, did not, although often requested, settle his accounts as such Sheriff of the said county, with the Circuit Court thereof, contrary to the statute, and the tenor and effect of the condition of the said bond.
To this replication, there was a general demurrer and joinder, and the Circuit Court gave judgment for the plaintiff, for the penalty of the bond, $7,500; to reverse which judgment, this writ of error was brought.
The plaintiffs in error insisted, that the breach assigned in the replication is not without the condition of the bond, and that the act of July, 1813, (Geyer’s Digest 372,) which defines the powers and duties of Sheriffs, makes it no part of their duties to settle their accounts with the Circuit, or any other Court. The defendant in error contended, that, by a subsequent act, passed in January, 1815, (Geyer’s Digest 348,) the Sheriffs of the several counties were appointed assessors and collectors of the county revenue, in their respective counties ; and it Was, by that act, made their duties to settle with the Courts of the proper county, at every regular term, and that, therefore, a neglect or refusal on the part of Thompson to make such settlement, at the term mentioned in the replication, was a breach of the condition of the bond. This was denied by the counsel for the plaintiffs, who contended that an- action could *104 not be sustained on this bond, for such breach, by the last act cited, because it is further provided by that act, that if any Sheriff should neglect or refuse to settle with the Court as aforesaid, he should, for every such neglect or refusal, pay for the use of the county for which he was SherifF, $100, to be recovered in the Circuit Court, in filename, of the Justices of the County (now Circuit) Court, on motion of the Circuit Attorney, the Sheriff having ten days previovs notice, and for which sum and costs of execution should.be issued as in other cases ; and they further contend, that no other recourse could be had against the Sheriff himself, much less against his securities, than such as is pointed out by the statute for a failure or neglect in making such settlement; and they also contended, that, as the Sheriffs, as county collectors, were, by the act of 1815, (Geyer’s Digest 344,) obliged, before entering on the collection of taxes for county purposes, to enter into a bond, with two or more securities, in a sum at least double the amount of the Assessór’s list, to the Governor and his successors in office, conditioned, that he would faithfully collect and pay, according to law, all moneys by him collected for county purposes, the latter bond could only be sued on for a breach of duly of the Sheriff) either as collector of the public revenue, or for neglect in making settlement with the Court, were it even adjudged that a default in making such settlement could he prosecuted for in any other manner than by motion in Court, in a summary way, as pointed out by the said act.
It is an incontrovertible maxim of law, that a statute, imposing a penalty for a new created offence, or for a breach of duty, and defining the particular mode in which, and before what tribunal the penalty shall be recoverable, must he strictly pursued.
Before the passage of tile act of 1815, it was no part of the Sheriff’s duty to make any settlement with the Court, nor indeed does it appear that he could have any settlements to make with them. As, however, that act imposed upon Sheriffs the duties of Assessor and Collector, for the performance of which duties, viz : those of collecting the county revenue, and paying it over to the orders of the Court, he was obliged to give an additional bond with securities, this Court has no hesitation in saying, that he and his securities in that bond would be liable, in case of a breach of the condition thereof J but it is their opinion, that neither the Sheriff himself, much less his securities in the bond declared .on, which is for the performance of his duties as such, are liable for a breach of duty, in the Sheriff, for not making settlement with the Court, as a specific penalty is imposed upon him for not doing so, to be recovered in a summary way, in the name of the Judges of the. Court, and not, as in this case, In the name of the Governor of the Territory.
In giving a construction to a statute, one question always presents itself to the consideration of the Court, viz: what was the intention of the Legislature ? When we take into consideration, that this statute imposes new duties upon the Sheriff, and requires the performance of some of them to he guaranteed by a bond with security, and imposes a penalty, to he recovered in a certain manner, for neglecting others, we are are at once led to the conclusion, that they, intended to provide, specifically, an adequate remedy for the neglect of each particular duty thereby created; and a different construction would subject the Sheriff lo a liability, which we cannot reasonably suppose he ever intended to incur.
This Court being of opinion, that the breach assigned in the replication is not Within the condition of the bond declared on, it becomes necessary to take notice of tire several objections made as to the insufficiency of that breach, as to matters of *105 form and.substance; it is, therefore, the opinion of this Court that the Circuit Court of the county of St. Louis, erred, in rendering judgment for the plaintiff, against the defendants in that Court, on the demurrer to the replication, but that the said Circuit Court ought to have rendered judgment thereon, for the said defendants, against the plaintiff below. It is, therefore, adjudged and ordered, that the said judgment of the said Circuit Court be, and the same is hereby reversed and annulled; and it is further adjudged and ordered, that the said Thomas P. Riddiclc and Alexander M’ETair, recover against the county of St. Louis, their costs and charges by thei» expended in prosecuting their writ of error in this Court.