148            METCALFE'S REPORTS.

City of Louisville vs. Bank of Kentucky, &c.

---

CASE 38—PETITION EQUITY—OCTOBER 4.

## City of Louisville vs. Bank of Kentucky, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

To enable the city of Louisville to assert and enforce its right to a lien for taxes upon property within its limits, it is indispensably necessary that a compliance with the prerequisites of the statutes conferring the lien should be averred and proved. It will not do to allege simply that the taxes are due and unpaid. It should be expressly averred that the taxes had been regularly and lawfully assessed upon the property.

A. M. STOUT, for appellant.
C. RIPLEY, for appellees, cited *City Charter*, art. 6, sec. 20.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

This was a petition brought by the city of Louisville against the Bank of Kentucky and others, to enforce an alleged lien upon real estate within the city for taxes on said property for a number of years—from 1839 to 1854, inculsive—charged to be due and unpaid.

Upon final hearing the petition was dismissed with costs, and of that judgment the city complains.

Several errors are assigned, but we deem it unnecessary to state them in detail, because, in our opinion, the petition fails to disclose any right to the relief sought; and for that reason, if for no other, the judgment must stand.

City of Louisville vs. Bank of Kentucky, &c.

The authority relied on for the lien attempted to be enforced in this case, is found in an act of January, 1835, entitled "an act to amend the charter of the city of Louisville." (*Session Acts*, 1834–35, *p.* 59.) and in *sec.* 16, *of art.* 6*th*, *of the charter of* 1851. (*Session Acts*, 1850–51.)

The act of 1835 provides, "that the valuation and assessment of property for taxation in the city of Louisville shall be made as of the 10th of January, 1835, and as of the same day every year thereafter; and it shall be the duty of the mayor and council of said city to cause said valuation and assessment to be made at a fair cash price, and as soon after the 10th of January in each year as practicable."

"That a lien shall exist on all property assessed for taxation, until the payment thereof."

The *1st section of art.* 6. *of the present charter*, *supra*, declares that, "the general council shall have power, annually, at such time or times, as of such day or days, and in such manner as they may direct, to cause to be assessed, at its fair cash value, such real and personal estate and slaves within the city of Louisville as the said council may designate; and in like manner, shall cause to be listed all free male inhabitants of said city of the age of twenty-one years and upwards."

A number of succeeding sections in the same article, from *sec.* 2 *to sec.* 15, inclusive, then prescribe, in detail, for what purposes and objects the city council may assess and collect taxes; and *sec.* 16, *supra*, then declares that "for all taxes levied as *hereinbefore* authorized the said city shall have a perpetual lien, relating back to the day of assessment, upon all real and personal estate therein belonging to the persons or corporation owing *such* taxes, &c."

The lien thus conferred upon the city is a statutory right, and only exists in such cases, and upon such terms and conditions, as are prescribed by the law conferring it. And to enable the city to assert and enforce this right it is indispensably necessary that she should aver and prove a compliance with the prerequisites of the acts conferring it. In a proceeding to enforce her lien for taxes, it will not do to allege simply that the taxes are due and unpaid. It should appear how they

were due.   An allegation that the parties were indebted for taxes is merely stating a conclusion of law.   The facts authorizing such conclusion should be averred.   It should be expressly averred that the taxes thus claimed had been regularly and lawfully assessed upon the property, for it is only upon such assessment that they can be collected, either by distress or by the enforcement of a lien.   Neither the act of 1835 nor the 16th section of the charter, supra, authorizes a lien except for taxes that have been lawfully assessed.   The language of the former expressly confines the lien to property that has been assessed ; and the charter only confers a lien for taxes levied (or assessed.) as thereinbefore authorized.

In Hooser vs. Buckner, &c., 11 B. Mon., 183, this court held that to justify a sheriff or town marshal in seizing property for taxes, it was necessary that he should aver, not only that the taxes were due and distrainable, but that the plea should show that the property had been lawfully assessed, and that the distress was made for the taxes due on the same.   The same principle applies here.

The only allegation in the petition before us, in regard to the indebtedness of the parties for taxes, or upon which it is pretended that any lien can be founded, is "that the owners of said property were and are indebted for city taxes thereon from and including the year 1839, up to and including the year 1854," "and for railroad taxes, &c."   And that said taxes were payable at the end of each year.   No where throughout either the original or amended petition is one word said about an assessment, or any other fact averred from which such assessment can be properly inferred.   In this respect the petition was clearly defective, and was, for such defect, if upon no other ground, properly dismissed.

Judgment *affirmed.*