LEVIN H. BAKER, ADM'R OF PETER LINDELL, Respondent, *v.* THE HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Appellant.

1. *Constitution—Eminent Domain—Action.*—Where the charter of a railroad corporation gives to the company authority to enter upon lands near the line of the road, and to take therefrom materials to be used in its construction, and provides for ascertaining the damages at the instance of either party, the common law remedy is superseded by the statute, and the party injured cannot sue the corporation at law. (Soulard v. City of St. Louis, *post*, p. 546.) Where either party may be the actor, neither can complain that the other did not begin.

2. *Trespasses—Action.*—The "Act concerning trespasses" (R. C. 1855, p. 1532) contemplates voluntary or wilful trespasses only, which are done without lawful right.

3. *Practice—Jurisdiction.*—Objections to the jurisdiction of the court are not waived by omitting to take advantage of them by demurrer or answer, and the exception may be taken on the motion for a new trial.

*Appeal from Marion Circuit Court.*

*Carr*, for appellant.

*Lipscomb*, for respondent.

HOLMES, Judge, delivered the opinion of the court.

This was an action of trespass under the "Act concerning trespasses," (R. C. 1855, p. 1552,) for cutting down trees on the plaintiff's land. At first the defendant pleaded not guilty, and gave notice of a special defence, founded on the "Act to incorporate the Hannibal and St. Joseph Railroad Company," approved Feb. 16, 1847, which gave the company power to take wood from lands adjoining the railroad for purposes of construction. Afterwards this answer was with-

drawn, and judgment by default allowed to be taken against the defendant, upon an agreement for single damages only, and an inquiry was ordered. Upon the inquiry of damages, evidence was introduced by the plaintiff tending to show the number and value of the trees cut, and that they had been cut by authority of the defendant, and had been used for ties in the construction of the railroad, and the jury assessed the damages at $1,080.88. Previous to this assessment of damages, a motion had been made, supported by affidavit, to set aside the default, for the reason, among others, that the court had no jurisdiction of the subject matter of the action; and after the inquiry a motion for a new trial was filed, grounded in part upon the same objection. The evidence offered by the plaintiff, as well as by the affidavit, very clearly showed that the trees had been cut by authority of the defendant to be used in the construction of the railroad; and on the motion for a new trial, it was insisted on the part of the defendant that the same statute which gave the power to take trees for that purpose, also provided a mode of compensation, which was an exclusive remedy for the injury complained of.

The act of Feb. 23, 1853, amending "An act to incorporate the Hannibal and St. Joseph Railroad Company," (R.R. Laws, p. 15,) gave the company "power by themselves or agents to enter and take from any land in the neighborhood of the line of their railroad, earth, gravel, stone, wood, or other materials, necessary for the construction and operation of said road"; and it provided a specific mode of proceeding by which the damages should be ascertained, at the instance of either party, by three impartial and disinterested householders, to be appointed by any justice of the peace, with an appeal to the county court. Under this act, the defendant had lawful power to do all that was proved to have been done, and an ample and convenient remedy was provided for making compensation for any injury that the plaintiff had sustained. It is well settled that when the Legislature authorizes an act of this kind, the necessary and natural con-

sequence of which is that some damage will be done to the property of another, the party who does the act cannot be complained of as a wrongdoer. The common law remedy is superseded by the statute, and the person injured must pursue the course pointed out by the act. The statute remedy is not merely cumulative upon the common law action, but an entire substitution for it, and must be exclusively pursued; and where either party, as in this case, may be the actor, neither can complain that the other did not first begin. (Stowell v. Flagg, 11 Man. 363; Stevens v. Pre. of Middlesex, 12 Mass. 482; Aldrich v. Cheshire R.R. Co., 1 Fos., N. H. 359; Calkin v. Baldwin, 4 Wend. 667; Null v. Whitewater Valley Canal Co., 4 Ind. 431; Kimble v. same, 1 Ind. 285.)

The statute proceeding is a simple mode of ascertaining the amount of damages which is to be paid to the injured party by way of compensation for private property taken for public use, under the law, and it is not to be considered as an assessment of damages as for a wrongful trespass. The "Act concerning trespasses" contemplates voluntary or wilful trespasses only, which are done without lawful right, and it inflicts penalties upon the defendant as a wrongdoer. In this case there was no trespass and no wrongdoer, and this act had no application.

This court having no jurisdiction of the subject of the action, none could be given by any consent or agreement of the parties. An objection to the jurisdiction of the court is not waived by omitting to take advantage of it on demurrer or by answer, and the exception may be taken on motion, after judgment. (R. C. 1855, p. 1231, § 10; Valerine v. Thompson, 3 Seld. 576.) The want of jurisdiction was made sufficiently to appear, and the motion for a new trial should have been granted. As the whole case is disposed of on this ground alone, it will be unnecessary to notice the other points which have been made.

Judgment reversed and the cause remanded. The other judges concur.