CASE 48—PETITION EQUITY—Nov. 11.

# Johnston v. Louisville.

**APPEAL FROM LOUISVILLE CHANCERY COURT.**

1. JURISDICTION IN ACTIONS FOR THE RECOVERY OF MONEY depends alone upon the amount claimed, and can not be in any way affected by the nature of the demand sued for. A judgment in favor of a city and against a citizen for the amount of taxes due is not therefore void if the amount was within the court's jurisdiction.
2. AN ASSESSMENT to pay for local improvements is not technically a tax. (11 Johnson, 77; 4 Hill, 76.)
3. RIGHT MUST BE ENFORCED IN THE MODE PRESCRIBED.—When a statute gives a new right or a new power and provides a specific, full, and adequate mode of executing the power or enforcing the right given, the fact that a particular mode is prescribed will be regarded as excluding, by implication, the right to resort to any other mode of executing the power or of enforcing the right.

4. IF THE REMEDY GIVEN BY THE STATUTE BE NOT ADEQUATE there will be no implication that it was intended to be exclusive, and resort may be had, for the execution of the power or the enforcement of the right, to the ordinary process of the law—*i. e.*, judicial proceedings.

5. *A municipal corporation possesses no powers except those expressly granted or necessarily implied* from or incident to such as are expressly granted.

6. THE POWER TO SELL REAL ESTATE FOR CITY TAXES, if not granted in express words in the charter of the city of Louisville, must necessarily be implied from the language used.

    *The city auditor has power under the charter and ordinances to convey property sold for taxes* if not redeemed within the time allowed by the ordinances.

7. A municipal corporation can not, without authority, express or necessarily implied, make valid ordinances whereby the collection of taxes may be enforced by distress, or by the sale and conveyance of real property ; and authority to convey can not be implied from the authority to sell.

8. *Power to sell for taxes*, whereby the citizen is divested of his property without his consent, is a high prerogative power, and must be strictly pursued or it will be ineffectual.

9. *Redemption.*—In the charter of Louisville the right to redeem property sold for taxes is given only by implication, but being for the benefit of the citizen, it should be implied on very slight grounds.

    The council has express power to prescribe by ordinance when and how this right may be exercised, and, having provided for it, when the terms prescribed have not been complied with within the the time limited, the right of redemption is gone, and an absolute and indefeasible right to the property vests in the purchaser.

10. *A sale of real estate for city taxes in Louisville* vests the purchaser with an equity which, after the expiration of the period limited for redemption, will enable him to coerce a conveyance from the holder of the legal title.

11. *The charter of Louisville prescribes a summary mode for the sale of real estate for taxes*, and there is no necessity or authority for the city resorting to the ordinary legal proceedings for their collection, and such proceedings are erroneous.

R. W. WOOLLEY,  ⎫
GEO. DURELLE,  ⎬ . . . . . . . . . For Appellant,
          ⎭

CITED

Dillon on Mun. Cor., p. 204.
Act of Tenn. Leg. of October 25, 1797.
Blackwell on Tax Titles, 36, 47.

Johnston v. Louisville.

Broom's Maxims, 11, pp. 3, 4.

Charter of 1870 of Louisville, secs. 73, 63, 73, 74.

Jacobs's Law Dictionary, "Tax."

Constitution of United States, art. 1.

Brightley's Digest, 164.　　　Dwarris, 767.

Civil Code, sec. 647.　　　4 Hill, 76.

1 Mo. 428.　　　1 Mo. 147.

2 McCord, 117.　　　2 Gilman, 184, 486.

4 Binney, 116.　　　1 Barb. 65.

4 Mass. 471.　　　9 Pick. 496.

2 Burrows, 1157.　　　2 Dutcher, 397.

3 Met. (Mass.) 520, Pierce v. City of Boston.

2 Cranch, 127, Head v. Prov. Ins. Co.

8 Bush, 208, Campbell Co. Ct. v. Taylor.

7 Bush, 603, Kniper v. The City of Louisville.

6 Wheaton, 119, Thatcher v. Powell.

2 Con. Wheat. R., 154.

4 Peters, 170, Beaty v. Knowler.

4 Hill, 76, Sharpe v. Spier.

5 Cranch, 1, Alexander v. The Mayor, &c.

8 Cranch, 53, Alexandria v. Preston.

9 Mo. 509, St. Louis v. Russell.

3 Ohio. 63, Ohio v. Hibbard.

5 Ohio, 14, Ohio v. Gazley.

2 Clifford, 601, U. S. v. Washington Mills.

2 Yerg. 167, Mayor v. McKee.

1 La. Ann. 435, Egerton v. 3d Mu. of N. O.

6 Harris & J., Mayor v. Howard.

1 Gill. & J. 499, Dugan v. Mayor.

5 Gill. & J. 231, Gordon's ex'r v. Baltimore.

6 Md. 76, Eischbach v. Pitts.

3 Met. 148, City of Louisville v. Bank of Kentucky.

6 Mon. 643, Harris v. Wood.

15 Mass. 205.　　　3 Mass. 310.

11 Coke, 59–64.　　　6 Mass. 40.

14 Mass, 286.　　　1 Blackf. 39.

16 Johnson, 7.　　　5 Mass. 514.

20 Wend. 250.　　　31 Cal. 240.

26 Vermont, 482, Shaw v. Pickett.

20 Cal. 250, Perry v. Washburne.

11 Peters, 420, Charles River Bridge v. Warren Bridge.

10 Bush, 723, Bowling Green & M. R. R. Co. v. Warren Co. Ct.

29 Cal. 88, Emery v. Bradford.

44 Cal. 366, Randolph v. Bayne.

33 Cal. 292, Guerin v. Reese.

39 Cal. 112, Oakland v. Whipple.

15 Mo. 83, Ryan v. The County, &c.

36 Mo. 473, St. Louis v. Clemmens.

50 Mo. 528, Neenan v. Smith.

38 Mo. 128, Carondelet, &c. v. Picot.

10 Mo. 559, Blair v. Perpet. Ins. Co.

21 Penn. 9, People v. Utica Ins. Co.

36 Mo. 367, McGrath v. Clemens.

53 Mo. 44, City v. Allen.

41 N. Y. 123, Litchfield v. Vernon.

13 La. Ann. 497, State, &c. v. The Southern steamship Co.

19 Wall. 107, Rees v. The City of Watertown.

LANE & HARRISON, . . . . . . . . . For Appellee,

CITED

Blackwell on Tax Title, 448, 449.

Myers's Sup. 4, 5, 6, Act of February 28, 1862.

Lucas's Digest, 33, Act of March 3, 1870.

Lucas's Digest, 58, Act of March 3, 1871.

MS. opinion, 1872, Caldwell v. Robinson.

MS. Opinion, 1874, Paducah v. Kohn.

Note, January, 1868, American Law Review, 246.

United States v. Washington Mills.

Dillon's Municipal Corporations, secs. 653, 655, 659.

Act of March 3, 1870, section 63, Lucas's Digest.

Kentucky Civil Code, section 93, title 5.

MS. Opinion, 1875, Cracroft v. City of Louisville.

Story's Equity Jurisprudence, section 1217.

Tiffany & Bullard on Trust, 84.

Cooley on Constitutional Limitations, 410.

Constitution of Kentucky, secs. 1 and 2, art. 1.

MS. opinion, 1875, Commonwealth v. Jones.

2 Yerger, Tenn. 169, Mayor v. McKee.

4 Hill, 76, Sharp v. Spier.

1 Blackford, 337, 338, Doe v. Chunn.

1 Duv. 297, City of Louisville v. Commonwealth.

9 B. Mon. 338, Cheaney v. Hooser.

1 Bush, 261, L. & N. R. R. Co. v. Commonwealth.

2 Stan. R. St., sec. 2, art. 3, chap. 63.

1 Hal. (N. J.) 365, Bergen v. Clarkson.

1 Gill & J. (Md.) 502, Dugan v. Mayor.

6 Harris & J. 394, Mayor v. Howard.

Johnston v. Louisville.

3 Ohio, 63, Ohio v. Hibbard.    5 Gill. (Md.) 236–243.
5 Ohio, 22, Ohio v. Gazley.     14 Ill. 83, Ryan v. County.
6 Md. 75, 76, Eischbach v. Pitts.
9 La. Ann. 562, New Orleans v. Graihle.
2 Nev. 61, Rhodes v. Farrell.
3 Met. (Ky.) 150, Louisville v. Bank.
4 Bush, 479, Railway v. City of Louisville.
3 Ohio, 63, Ohio v. Proudfit.
2 Duer, N. Y. 1, Mayor v. Colgate.
8 Cranch. 53, Alexandria v. Preston.
1 Humphrey, 369, Anderson v. Patton.
9 Hammond, 154, Wilkins v. Huse.
7 Wallace, 71–81, County of Lane v. Oregon.
3 Met. (Mass.) 520, Pearce v. Boston.
2 Dutch. N. J. 398, Camden v. Allen.
4 Bush, 438, Hunter v. Ketchum.
6 Bush, 538, McAfee v. Balden.
13 La. Ann. 497, State v. Steamship.
20 La. Ann. 139, Bond v. Hiestand.
15 Ill. 9, Dunlap v. Gallatin.
28 Miss. 75, Green v. Craft.
12 Cal. 270, Moore v. Patch.
20 Iowa, 453, Ham v. Miller.
23 Iowa, 413, McInery v. Reed.
25 Iowa, 170–74, Merriam v. Moody.
16 Cal. 344, People v. Seymour.
44 Mo. 437, *et seq.*, Missouri, &c. v. Rice, &c.
10 Johnson, 404, Thompson v. Gardner.
23 Pick. 93, 94, *In re* Bank of Kilby.
42 Penn. S. R. 192, Duffy v. Philadelphia.
31 Ga. 715, D. Antegnac v. Augusta.
11 Allen (Mass.) 283, Oliver v. Colonial, &c.
46 Barb. (N. Y.) 325, Metcalfe v. Messenger.
22 Pick. 176, Commonwealth v. Bank.
20 Cal. 348, Perry v. Washburn.
26 Vermont, 482.              6 Kansas, 525.
25 Iowa, 163, Merriam v. Moody.
34 Ill. 363.                  5 Mich. 409.
39 Cal. 112, Oakland v. Whipple.
33 Cal. 292, Guerrin v. Reese.
41 N. Y. 123, Litchfield v. Vernon.
36 Mo. 467, St. Louis v. Clemons.
44 Mo. 136, St. Louis v. De None.
31 Cal. 240, Justice Sawyer's Opinion, Taylor v. Palmer.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

The city of Louisville having recovered judgment in the Louisville Chancery Court against the appellant for city taxes, levied upon certain real property in said city, in which the appellant owns a life-estate, and execution having issued thereon, she replevied it, and thereafter moved to quash the replevin bond on the ground that the court had no jurisdiction of the subject-matter of the action, and that the judgment was therefore void. Her motion was overruled, and she has appealed from the order overruling her motion to quash the bond, and also from the original judgment.

We do not concur with appellant's counsel that the judgment is void.. The suit was to recover over six hundred dollars claimed to be due for taxes; and even if counsel be right in supposing that no suit can be maintained by the city to enforce the payment of taxes, it does not follow that the court had no jurisdiction. In actions for the recovery of money the jurisdiction of the court of the subject-matter depends alone upon the amount claimed, and can not be in any way affected by the nature of the demand sued for.

The judgment was therefore valid until reversed or set aside, however erroneous it may have been, and there was no error in overruling the motion to quash the bond.

The remaining question is, whether the judgment for the taxes claimed is erroneous; and this wholly depends upon the further question, whether an action will lie in the name of the city to enforce the payment of taxes. And it is proper here to remark that the sum sued for was a general tax, and not an assessment imposed to pay for local improvements, which is not technically a tax. (Matter of Mayor of New York, 11 Johnson, 77; Sharp v. Spier, 4 Hill, 76.)

It will be well before entering upon a discussion of the particular features of the case to lay down a few general principles relating to the law of municipal corporations, which,

once rightly understood, will simplify the question to be decided.

First—It is a rule that when a statute gives a new right or a new power, and at the same time provides a specific, full, and adequate mode of executing the power or enforcing the right given, the fact that a particular mode is prescribed will be regarded as excluding by implication the right to resort to any other mode of executing the power or of enforcing the right. (Dillon on Municipal Corporations, sec. 653; 2 Burrows, 1157; 6 Mass. 286; 1 Blackford, 39; 1 Mo. 147, 428; 2 McCord, 117; 36 Mo. 543; 11 Mass. 363; 12 Mass. 482; 4 Wend. 667; 4 Ind. 431; 1 Ind. 285.)

Second—If the remedy given by the statute be not adequate, then there will be no implication that it was intended to be exclusive, and resort may be had for the execution of the power or the enforcement of the right to the ordinary process of the law—*i. e.*, judicial proceeding. (Merriam v. Moody, 25 Iowa, 170; 23 Iowa, 413; 1 Halst. 352; 14 Ill. 83; 15 Ill. 9.)

Third—A municipal corporation possesses no powers except such as are expressly granted, or are necessarily implied from or incident to such as are expressly granted. (25 Iowa, 170; 4 Hill, 76; 1 Blackford, 338; Blackwell on Tax Titles, 448.)

The charter of Louisville gives to the city government power to levy and collect taxes, and prescribes a mode for the enforcement of payment, but it is claimed by counsel for the city that the mode and means prescribed are not full and adequate, and that the city may therefore proceed by due process of law—that is, by appropriate action or suit in court— either to recover a personal judgment or to enforce the lien given by the charter on the property on account of which taxes are due.

Section 66 of the charter provides that the general council "shall have power to make all needful ordinances regulating

the assessor and assessment of taxes; the receiver and collection of taxes; the advertising, *sale*, and redemption of property, and the *conveyance* of same when *sold*, to enforce payment of taxes as herein authorized."

Sections 73 and 74 provide that the tax receiver "may *levy upon* any lot or lots of ground, house or houses on leased ground," in said city belonging to persons owing taxes, "and after making the levy shall advertise the same in one of the daily newspapers in said city, to be *sold* on a day designated in the advertisement, which shall be by daily insertions for at least five days before the day of *sale* . . . which *sale* shall be between the hours of ten o'clock A. M. and three o'clock P. M.," at the court-house door in said city. "Before *selling* any property as above . . . the receiver who made the levy shall give notice to the owner, or shall write to him on the first day of publication of notice of *sale* as above," etc.

"Within two weeks after making a *sale* of any property for taxes the receiver of taxes making the *sale* shall render to the general council a full report of his proceedings, including a list of the property *sold*, . . . . and he shall also hand in with the report a copy of the newspaper containing an advertisement of the *sale*;" and section 74 also provides that the receiver shall make affidavit that he has complied with all the requirements of the charter and ordinances "in relation to making the *levy*, advertising, giving notice to owners, and *selling*."

Although much is said in these sections in regard to advertising and making and reporting sales, they do not any where in express words authorize sales to be made, and counsel for the city insists that no such authority is conferred.

It is impossible to read these sections and avoid the conclusion that the legislature intended to give the receiver power to sell, and supposed it had done so. Authority is given to *levy* and to advertise for *sale*, and the time of day and place when

and where *sales* are to be made are prescribed; notice is required to be given to owners of property of the time when *sales* are to be made; *sales* made are required to be reported, and the receiver is required to swear that he has discharged all his duties in regard to *selling*.

If he has not power to sell, then it is entirely certain the legislature did not confer upon him the power intended to be conferred, and which it was supposed had been conferred. Several things directed to be done are worse than useless, and some are impossible, unless there is power to sell.

If the power is not granted in express words, it is necessarily to be implied from the language used, and to hold that it is conferred is no violation of the third general principle already laid down. We entertain no doubt of the existence of the power.

It is next argued that there is no grant of power, either express or necessarily to be implied, to convey real estate when sold, and that therefore, even conceding that power to sell is given, the means given by the charter for enforcing payment are not full and adequate, and the city may for that reason resort to the ordinary process of law.

We have already seen that the charter gives to the general council power to make all needful rules and regulations respecting the "conveyance of property when sold to enforce the payment of taxes as therein authorized." Pursuant to this authority the council has provided by ordinance for a conveyance of property sold and not redeemed within three years.

It is claimed, however, that as there is no express grant of power to convey, the grant of authority to regulate conveyances is nugatory, and the ordinance attempting to provide for conveying property sold for taxes is void.

We recognize the rule to be that a municipal corporation can not without authority, express or necessarily to be implied, make valid ordinances whereby the collection of taxes may be

enforced by distress, or by the sale and conveyance of real property. (Sharp v. Spier, 4 Hill, 76; Bergen v. Clarkson, 1 Halst. 352.) And that authority to convey can not be implied from authority to sell. (1 Blackford, 338.)

Power to sell for taxes, whereby the citizen is divested of his property without his consent, is a high prerogative power, and must be strictly pursued or it will be ineffectual. (4 Hill, 76; 12 Conn. 436; 19 Ohio, 324; 9 Humphrey, 252.)

But where power to sell is expressly given in the charter, and the corporation is expressly empowered to regulate the mode of conveyance, it would be carrying the doctrine a great way to say that this does not authorize a conveyance.

There being power to sell, a sale divests the owner of all beneficial interest in the property, except the right to redeem, when such right is given.

In the charter of Louisville the right to redeem is given only by implication, but being for the benefit of the citizen it ought to be implied upon very slight grounds. The council has express power to prescribe by ordinance when and how this right may be exercised, and having provided for it, when the terms prescribed have not been complied with within the time limited, the right of redemption is gone, and an absolute and indefeasible right to the property becomes vested in the purchaser.

The former owner then has nothing but the naked legal title, which is a thing wholly without value to him, and there is therefore no reason why the mere power to convey should be restricted by those rigid rules of construction which are adhered to so long as he has a beneficial interest in the property. We are therefore of the opinion that the auditor has power under the charter and ordinances to convey property which may be sold for taxes and not redeemed within the time allowed by the ordinance.

But however this may be, there being undoubted power

to sell real estate for taxes, a sale therefor vests the purchaser with an equity which, after the expiration of the period limited for redemption, will enable him to coerce a conveyance from the holder of the legal title, and we are not prepared to decide that the mere. omission to provide for a conveyance renders the enforcement of the payment of taxes so ineffectual as to render it either necessary or proper that resort should be had to suits in court to make collections.

There is no necessity for bringing an action to recover the tax sued for. The city has a higher and better remedy through the action of its tax receiver, having all the efficacy of a judgment, admitting of no appeal except to its own specially-constituted agents not under the control of judicial tribunals, subject to none of the delays incident to proceedings in court, and capable of being enforced in a more summary way than by an action at law or suit in equity.

On the other hand, to permit municipal corporations, or their officers, at pleasure to forego the plain, simple, and sum-. mary mode prescribed by their charters for the collection of taxes, and to subject the tax-payer to the vexation and costs of legal proceedings, would be to add an intolerable grievance to a burden already sufficiently onerous. (City of Camden v. Allen, &c., 2 Dutcher, 398.)

A still more conclusive reason for refusing to allow suits of this character is found in the fact that the charter and ordinances of Louisville allow to the tax-payer three years in which to redeem property sold for taxes. If an action at law be brought and judgment *in personam* rendered and the property sold under execution, the time for redemption will be reduced to one year. If a suit in equity be brought to foreclose the lien in favor of the city to secure the payment of taxes, and judgment directing a sale to be made, it may be upon a credit as short as three months, and the tax-payer will be entirely deprived of the right of redemption.

Such consequences to the citizen should not be permitted when, as we have already seen, the city has an adequate remedy in the summary proceedings authorized by the charter, which is cheaper and more expeditious than by proceedings in court.

In order to maintain the right of the city to sue, it was contended in the argument that a tax is a debt, and, being a debt, may be sued for like any other debt; but we do not deem it important to enter into a discussion of this question. It is wholly immaterial in this case whether it be a debt or a duty. In either case the remedy for enforcing it is prescribed by the charter, and that remedy, being full and adequate, is by implication exclusive.

It may happen that in some peculiar cases, such as those of Ryan v. Gallatin County (14 Ill. 83) and Dunlap v. Same (15 Ill. 9), in which the remedy prescribed by the charter is ineffectual, that payment may be enforced by appropriate judicial proceedings.

But it is only in such exceptional cases that there can be any necessity to resort to the courts, and in all cases in which such necessity does not exist the remedy provided by the charter should be held to manifest the intention of the legislature to exclude all others.

In the case of the City of Louisville v. Bank of Kentucky (3 Met. 148) the question whether the city had a right to sue does not seem to have been raised, and the case went off upon demurrer to the petition which failed to show that the tax sued for had been legally levied.

There are some cases in which the right to maintain suits like this has been sustained, but the weight of authority seems to be in favor of the view we have taken (Dillon on Corporations, secs. 653–655), and we are well satisfied that upon principle such suits can not be maintained and that sound policy demands that the courts should not sustain them except in

those cases where the prescribed mode of enforcing payment would be ineffectual.

Wherefore the judgment is reversed, and the cause is remanded with directions to set aside the judgment and dismiss the petition and quash the replevin bond.