### NELSON NEAL *v.* CITY OF LOUISVILLE.

**Taxes—Mode of Enforcing Collection of Taxes in Louisville.**
>    The city charter of Louisville prescribes a specific mode for the collection of taxes and the sale of real estate, when necessary, and the mode prescribed excludes all other modes.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 14, 1876.

OPINION BY JUDGE COFER:

These are appeals from judgments of the Louisville Chancery Court in favor of the city for taxes, and for the sale of the real es-

tate of the appellants to satisfy the judgments. The cases are in all respects similar to the case of *Johnston v. City of Louisville,* 11 Bush 527, in which we held that the city charter prescribed a specific and effective mode for recovering the payment of taxes by sale of real estate when necessary, and that this excluded, by implication, every other mode of coercing payment, and therefore that no action could be maintained for the collection of taxes unless it were made to appear that in the particular case the charter mode could not be made effectual.

In an elaborate and learned argument counsel for the city insist that the conclusion reached in that case cannot be sustained upon either principle or authority, and ask us to reverse that opinion.

It is conceded that "If the charter gives to the municipal corporation a specific and complete remedy for the collection of taxes, as by distress and sale of property, this will ordinarily be regarded as excluding by implication the right to resort to any other mode of enforcing the tax." But counsel argue that while this principle, recognized and acted upon in the case supra, is a sound one, there was error in its application because the remedy for enforcing the payment of taxes given to the city of Louisville by its charter is not full, complete and adequate.

We need not repeat and will not attempt to add to the argument there made to prove that the charter gives ample power to levy upon and sell real estate for the payment of taxes due to the city. As we then said there is no express direct authority in the charter to convey real estate sold for taxes, and power to convey does not result from a simple power to sell. But the charter does empower the general council to provide by ordinance for the conveyance of the legal title, and we held and still hold that this is sufficient. It is not necessary that the details of the mode of collection should be in the charter, and that it should provide ready to the hands of the city government a perfect remedy for collecting its taxes under which the taxes may be collected without any action on the part of the city. It is enough if the charter specifies the mode or empowers the city legislature to do so.

The charter need not prescribe the mode of assessment, nor need it name a person or officer to make the assessment or to collect the taxes, but may simply empower the city government to do so. The city government, being invested with power by its own action to supply whatever is necessary to a complete remedy for coercing the payment of taxes, would be deemed to have such remedy, and can-

not, by neglecting or refusing to exercise powers which it possesses, entitle itself to an additional or different remedy from that to which it would have been entitled if it had chosen to exercise the powers granted to it.

If a city is authorized by its charter to levy taxes and to appoint a collector, and power is given to the collector thus provided for to levy upon and sell and convey property in satisfaction of such taxes, it would hardly be contended that the city might neglect to appoint a collector and then sue for taxes on the ground that it had no complete remedy. Yet this is substantially one of the grounds assumed for the city in these cases. It is contended with emphasis that "the right of a municipal corporation to coerce the payment of taxes by action will by implication be denied only on the existence of three conditions: First, where the statute itself prescribes a mode for the collection of taxes; second, where the mode prescribed is specific; and, third, where the mode prescribed is full, complete, and adequate." We think it is sufficient if the charter prescribes an effectual specific remedy, or empowers the city to do so, and that the grant to the general council of power to provide for the conveyance of real estate sold for taxes, when taken in connection with the express grant of power to levy upon and sell such property, renders the remedy complete, and is by implication a denial of the right to resort to any other mode.

If, as counsel suggests, it may turn out that the ordinance passed to empower the city auditor to convey is defective, or was not legally passed, and, consequently, that a conveyance made under it is null, it will result not from a defect in the power of the general council or an imperfection or lack of completeness in the remedy prescribed by the charter or authorized to be prescribed by the city, but from a defective execution of the power by the city government. It might with precisely the same foundation in reason be argued that a remedy by distress and sale is imperfect because the collector may make a defective levy or a sale so irregular as to be void, and therefore the remedy provided is incomplete or ineffectual. A remedy is complete which gives all the power, authority and agencies necessary to enforce the right for which the remedy is given, and the liability to miscarriages in the prosecution of the remedy, through oversight or inadvertence on the part of those charged with its enforcement, cannot be treated as defects in the remedy itself.

We did not mean in the opinion in Johnston's case to leave it in doubt whether the auditor could legally convey under a valid ordi-

nance. We meant and now mean to say that if the general council has properly executed the power given to it by Sec. 60 of the charter, to provide for the conveyance of real estate, the auditor's deed will be valid, and if the sale in pursuance of which he conveys was valid his deed properly executed will invest the grantee with title.

Many other objections are urged against the remedy provided by the charter for the purpose of proving that it is not complete, but it would extend this opinion too much to. take them up and discuss them seriatim. It will suffice to say that they all relate rather to the efficiency of the remedy than to its completeness. It may be that in some instances the prescribed remedy is not the best that could have been devised and that it will prove burthensome and inefficient, but if pursued it will generally, if not always, prove effectual; and in those cases where it will not, if there be such, we entertain no doubt, and we so stated in Johnston's case, but that the city may maintain an action to collect taxes which cannot be otherwise collected.

At its last session the general assembly passed an act to amend the charter of Louisville, the sixth section of which provides that "For all taxes now (then) due the city of Louisville it shall be lawful for the back tax collector or other officer or agent to be designated by the general council of said city, in the name of the city of Louisville, to cause to be instituted in the Louisville Chancery Court suits for the collection thereof, and to prosecute the same to final judgment according to the rules and practice of said court." This act was passed not only after the judgments in these causes were rendered, but after the records had been filed, and while these appeals were pending in this court.

Counsel for the city insist that the foregoing section so retroacts that, although we may adhere to the opinion in the *Johnston v. Louisville,* we ought to affirm these judgments because the city now has a right of action for the same matter sued for in these cases.

We cannot yield our assent to that position. The error in the judgments is not in respect to some mere matter of practice, but is radical and reaches the very foundation of the action. The city having at the time no cause of action against the appellant we are unable to perceive how it was possible for an act of the legislature subsequently passed, even if so intended, to retroact so as to eradicate the error in the records by giving a right of action now which is to be treated as existing before the act creating it was passed.

Judgment *reversed* and causes remanded with directions to dismiss the petitions.

*Buford Twyman, for appellant.    H. M. Lane, for appellee.*