CASE 5 — EQUITY — FEBRUARY 27, 1883.

# Ball v. Poor, &c., &c.

APPEAL FROM KENTON CHANCERY COURT.

1. The failure of the attorney appointed to defend for appellant as a non-resident, cannot affect the rights of appellees.

2. The first power of attorney executed by the defendant to the plaintiff's attorney authorizing him to enter her appearance in the action, although not within the letter of *section* 1, *chapter* 19, *General Statutes*, is void as against the policy of the law, and the judgments *in rem* and that *in personam* under it are error.

3. The second power of attorney is void for the same reason. The attorney for appellee may have acted in good faith, but the practice of allowing the plaintiff's attorney to enter the appearance of the defendant is so obviously against public policy, and affords such facilities for fraud and oppression, that it ought not to be tolerated.

4. Before the city of Covington can enforce a lien upon property within the city for taxes, it must show that they have been lawfully and regularly assessed under its charter.

5. There is no authority shown enabling Ridgway, as alleged agent of appellent, to execute either of the mortgages to appellees Poor or Wallace.

T. F. HALLAM FOR APPELLANT.

1. Neither the city of Covington nor Shillito are entitled to any judgment. The process against appellant was only constructive, and they are bound to make proof of their demands.

Ball v. Poor, &c., &c.

2. The powers of attorney executed by appellant, authorizing plaintiff's attorney to enter her appearance, are void. It is against the reason, as well as the policy of the law, to tolerate such a practice.

3. In the absence of an appearance by appellant, both the judgment in favor of appellee Poor, as well as Wallace, is error.

W. H. McKOY FOR APPELLEES.
No brief on file.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This is an appeal from the judgment and orders of the Kenton chancery court, rendered in favor of plaintiffs in certain actions consolidated and tried together.

The first one commenced was by the city of Covington to enforce a lien upon appellant's real property for the payment of city and school taxes alleged to be due by her.

. The second was by Shillito & Co. to subject the same property under an attachment, issued upon the ground of her non-residence, to pay a merchant's account.

And the third was by M. P. Poor, to enforce an alleged mortgage lien.

To the last mentioned action the city of Covington, Shillito & Co., and M. Wallace were, as required by subsection 3, section 694, Civil Code, made defendants, their several liens being stated in the petition. The answer thereto by Wallace was made a cross-petition against appellant, and an alleged mortgage lien in his favor upon the same property was sought to be enforced.

Upon all the foregoing demands, except that of the city of Covington, personal judgment was likewise prayed for.

Upon the trial personal judgment was rendered against appellant in favor of Poor and Wallace for the amount of each of their debts, and interest upon each at the rate of ten per cent. per annum, and her property was held subject to all, the liens mentioned, and directed to be sold to satisfy

them : the city of Covington, Wallace, Poor, and Shillito & Co. being adjudged entitled to priority in the order named.

In pursuance of that judgment the property was sold, and by orders of court at a subsequent term the sale was confirmed, and a deed directed to be made to the purchaser. At the same term an order was made for an execution to issue in favor of plaintiff Poor for $1,162.77, with interest at the rate of ten per cent. per annum, from the 20th of October, 1881, the date of the sale by the commissioner, being the assumed balance not satisfied by that sale.

After the rendition of the judgment, and during the same term, appellant appeared in court and moved to vacate and set it aside; but her motion was overruled, as were also her exceptions to the report of sale.

From the judgment and all the foregoing orders she has appealed to this court.

In each of the three original actions appellant was summoned by constructive service only, there being no actual service in either. But on the cross-petition of Wallace there was no service of summons, either actual or constructive.

The report of the attorney appointed to defend for appellant as a non-resident in the case of the city of Covington, shows that he merely wrote a letter to her, and delivered it to her agent in the city of Cincinnati, Ohio, instead of making "diligent efforts to inform the defendant by *mail* concerning the pendency and nature of the action," as required by law. But as by section 60 of the Civil Code "a defendant against whom a warning order is made, and for whom an attorney has been appointed, shall be deemed to have been constructively summoned on the thirtieth day thereafter, and the action may proceed accordingly," the judgment in

Ball v. Poor, &c., &c.

this case cannot be regarded as rendered prematurely, because the attorney failed to perform the duty required.

In the action of Poor, and the cross-action of Wallace, it appears that appellant entered her appearance by W. H. McKoy, her attorney in fact, which seems to have been considered by the court sufficient to dispense with actual service of summons, and to authorize a personal judgment in each case.

The record shows that the person thus acting as the agent of the defendant in the actions was the attorney at law who brought, and was then employed by the plaintiff Poor to prosecute, his action against her.

The authority for this objectionable proceeding on the part of the plaintiff's attorney seems to be two papers, each purporting to be a power of attorney, signed by appellant; one of them empowering him to enter her appearance in the action by Poor, and the other to enter her appearance in the cross-action by Wallace.

The first one of the papers, though without date, was manifestly executed, if done at all, before the action by Poor was instituted.

Section 1, chapter 19, General Statutes, is as follows: "Powers of attorney to confess judgment, or to suffer judgment to pass by default, or otherwise, and every release of errors given before an action is instituted, are declared void."

Though the power of attorney in question may not be within the letter, it is within the spirit of the statute. For, if it is held valid, the effect of it has been that appellant suffered judgment to pass by default, and released in advance the error of rendering personal judgment against her without actual service of summons; and, in our opinion, it should be treated as void under the statute.

The other power of attorney bears date subsequent to the time the cross-petition of Wallace was filed, and therefore, as held in Ward v. Curcier, 1 Lit., 202, it is not declared void by statute. Still credit should never, in any case, be given to a power of attorney to confess, or to suffer judgment to pass by default or otherwise, without authentication or satisfactory evidence of it having been freely executed. But with or without proof of the execution of the powers of attorney, in this case it was error in the chancellor to permit the attorney for the plaintiff to enter the appearance of appellant. For, in view of the duties and responsibilities of an attorney at law, and his relation to his client, no act of his for or in the name of a litigant he is employed against in an action should ever be treated as valid and binding for any purpose whatever. The attorney in this instance may have acted in good faith, and the powers of attorney may have been freely and intelligently executed by appellant, nevertheless, such a practice is so obviously against public policy, and affords such facilities for fraud and oppression, that it ought not to be tolerated.

The object of section 694 is to avoid multiplicity of actions concerning the same subject-matter, and prevent premature sales of incumbered property to the prejudice of the debtor and lien-holders not before the court. But it was not intended by that section to deprive a defendant of the opportunity to contest any claim set up against him, whether by cross-petition or in the original action, or to dispense with service of summons in either.

The orders entering the appearance of appellant to the action of Poor and cross-action by Wallace being void, she was therefore not before the court in the latter, and it was error in the chancellor to render any judgment in favor of

Wallace, as it was error to render a personal judgment in favor of Poor.

Section 126, Civil Code, requires that every material allegation of a pleading against a defendant constructively summoned must be proved though not traversed, and judgment rendered without such proof is erroneous.

In the case of the city of Covington the alleged lien, if it exists at all, is a statutory right, and it is indispensably necessary to the judgment rendered that a compliance with the requirements of the acts conferring it should be proved. It should not be assumed, but should be proved, which was not done in this case, that the taxes have been regularly and lawfully assessed upon the property of appellant. (City of Louisville v. Bank of Kentucky, 3 Met., 148.)

While the action of Poor and cross-action of Wallace were each upon promissory notes, *prima facie* genuine, and not necessary to be proved, both mortgages relied on purport to have been executed, not by appellant in person, but by one H. L. Ridgeway, as her attorney in fact. Properly authenticated copies of both mortgages are filed, but there is nothing in the record to show that Ridgeway was her attorney in fact, or that she ever executed or empowered any other person to execute either mortgage.

Though the action of Shillito & Co. was upon an open account, no proof was made in support of their claim.

It thus appears that no one of the plaintiffs in the consolidated actions was entitled to a personal judgment for the sale of appellant's property when it was rendered. But, as the purchaser of the property is not before the court on this appeal, it is not proper to pass upon the orders of the chancellor confirming the report of sale and ordering a deed made to him.

The judgment of the court, and the order directing an execution to issue in favor of plaintiff Poor for the balance left unsatisfied after the sale of the property, must be reversed, and the cause remanded for further proceedings consistent with this opinion.