CASE 92—PETITION ORDINARY—FEBRUARY 12.

## Sowle Mfg. Co. v. Bernard.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. INSOLVENT DEBTOR—DISCHARGE—JURISDICTION—When in a civil
   action in the circuit court, the defendant debtor has been ar-
   rested and has executed bond, and that court enters a judgment
   sustaining the order of arrest, it then has no jurisdiction to dis-
   charge the defendant as an insolvent debtor and release the
   surety on the bond. The right of the debtor to be so discharged
   is a statutory right, and it can be enforced only in the manner
   prescribed by the statute.

2. SAME.—The insolvent debtor, who is not in custody and re-

Sowle Mfg. Co. v. Bernard.

strained of his liberty, has no right to apply to any court for a release or discharge.

WILLIAM JARVIS FOR APPELLANT.

1. The "arrest" of an insolvent debtor in a civil action referred to in section 168 of the Civil Code, means the arrest under the *capias* upon final judgment. (Sheriff v. Buckner, 1 Litt., 127; Bryan v. Perry, 5 Mon., 276; White v. Sergeant, 1 Mon., 53; Phelps v. Burton, 6 Mon., 37; Abbott v. Daniel, 3 Met., 340.)
2. Under section 2180 of Kentucky Statutes, the application by an insolvent debtor for a discharge must be to a justice of the peace, county judge or police judge, and no other tribunal has jurisdiction or authority to discharge him.    Therefore, the action of the circuit court in discharging the debtor and releasing the bondsman, was void.   (Hynes v. Oldham, 3 Mon., 267; Wickliffe v. Dorsey, 1 Dana, 462; Stark v. Thompson, 3 J. J. M., 299; Brown v. McKee, 1 J. J. M., 472.)

When the statute prescribes the manner in which a right may be enforced, it must be enforced in that manner and no other. (Howard v. K. L. M. Ins. Co., 13 B. M., 285; Johnson v. Louisville, 11 Bush, 533; Russell v. M. H. C. & C. T. P. Co., 13 Bush, 307.)

J. A. CRAFT OF COUNSEL ON SAME SIDE.

D. M. RODMAN AND STONE & SUDDUTH FOR APPELLEE.

1. The circuit court has the inherent power to make the discharge, but if it had not, the provisions of the Code are broad enough to give it the power.   (Civil Code, secs. 158, 168, and 173.)
2. The remedy provided by the statute is a cumulative, and not an exclusive remedy.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The appellant instituted suit in the law and equity court of Jefferson county, in 1892, against Sitwell Harris, and procured the arrest of said Harris as provided by law.   Said Harris then executed bond as provided by the Code of Practice, with the appellee, S. M. Bernard, as surety.

On December 2, 1892, judgment was obtained by appellant against Harris for the debt, and the order

of arrest was sustained, and on the same day said Harris asked to be discharged as an insolvent debtor, which discharge was then denied. On December 12th said Harris went before the judge of the Jefferson Circuit Court, Law and Equity Division, and said judge permitted said Harris to take the insolvent debtor's oath, assumed to exonerate him from all obligation to surrender himself under the judgment, in spite of the exception of appellant's counsel.

At that time no *capias ad satisfaciendum* or *ca. sa.* had been issued against Harris. On the 19th of December a *ca. sa.* was issued against Harris, and on the following day was by the sheriff returned not found. Afterwards suit was instituted on the bond against appellee Bernard. Bernard pleaded the judgment of discharge or release aforesaid in bar of appellant's claim, and the appellant in his reply denied the jurisdiction of the law and equity court to grant the release or discharge, and also denied the jurisdiction of the court to exonerate the bail or surety. Appellee's demurrer to the reply was sustained and cause dismissed, and to reverse that judgment this appeal is prosecuted.

The sole question presented for decision is as to the jurisdiction of the law and equity court to render the judgment and make the order relied on by appellee.

The right to take the insolvent debtor's oath, and be discharged in such cases as this, is a statutory right, and it will be found that the various statutes enacted conferring such right and regulating the proceedings confer the power to discharge insolvent debtors upon

justices of the peace, or county judges, or police judge
of the county seat.

It is provided in the General Statutes, page 782, that
a person taken or charged in execution in any civil
case may by petition apply for a discharge to two
justices of the peace, or the judge of the county court,
or the police judge of the county town, who shall by
warrant, command the keeper of the jail to bring the
body of the petitioner before them or him, at the court-
house, on a day fixed, and a list of the several execu-
tions with which he may stand charged.

It is further provided that ten days' notice shall be
given by the applicant to the adverse party, and a list
of the property he intends to surrender.   Some other
requirements are made, and it is also provided that the
appellant, after compliance with all requirements,
shall be discharged unless it be made to appear that he
has acted fraudulently.   The scheduling warrant and
petition shall be returned to and safely kept on file
by the clerk of the county court.

The foregoing statute was in force at the time of the
attempted discharge of said Harris.

Section 171 of the Civil Code provides:   "A return of
not found upon an execution against the body of the
defendant, placed in the hands of the sheriff within
twenty days after it might have issued upon the judg-
ment, shall be necessary to fix the liability of the bail,
which shall be to pay the amount of the judgment and
costs."

Section 170 of the Code provides that the bail may,

at any time or place, arrest the defendant for the purpose of surrendering him.

Section 172 provides that the bail can be proceeded against in a separate action only.

Section 173 specifies the causes or means by which the bail is exonerated, none of which are applicable to this case unless the attempted discharge of Harris by the law and equity judge is valid.

It is suggested that section 168 confers jurisdiction upon the circuit court. We quote as follows from said section: "Upon judgments in actions in which the defendant has been arrested and held to bail, and in which the order of arrest has not been vacated, an execution against the body of the defendant may be issued, upon which the same proceedings shall be had, and the defendant shall be dealt with in the same manner as is provided by law in the civil actions in which executions may be issued against the body of the defendant, except that the oath of insolvency, upon reasonable notice, may be taken at any time after the arrest by delivering to the plaintiff, his agent or attorney, a schedule of the property intended to be surrendered, although said schedule may not have been delivered ten days before the taking of such oath."

It will be seen that the only change made in the section *supra* is to dispense with the ten days' notice, and the delivery of the schedule ten days before taking the oath, and perhaps allowing notice to be served on the agent or attorney.

The arrest referred to evidently means the arrest

under the execution, for the reason that such execution had been authorized; but if the section even meant that the discharge could be obtained before the arrest under the *ca. sa.*, still the statute before quoted, speci- fying the officers who could grant the discharge, is left in full force.

If the *ca. sa.* be not issued within twenty days from the time the plaintiff is entitled thereto the bail is exonerated, or he may become released by surrendering the defendant to the sheriff of the county on or before the return day of the summons in the action against the bail, or within such further time as the court in which the action is pending may allow.

"When a statute has created a new right, he who claims the right must pursue the statute remedy." (Smith v. Drew, 5 Mass., 516.)   Quoted with approval in 13 Bush, 310, *et seq.*

In Johnston v. Louisville, 11 Bush, 533, the court says:  "It is a rule when a statute gives a new right or a new power, and at the same time provides a speci- fic, full and adequate mode of executing the power or enforcing the right given, the fact that a particular mode is prescribed will be regarded as excluding by implication the right to resort to any other mode of executing the power or of enforcing the right." (Dillon on Municipal Corporations, section 653; 2 Barrows, 1157; 6 Mass., 286; 1 Blackford, 39; 1 Mo., 147, 428; 2 McCord, 117; 36 Mo., 543; 11 Mass., 363; 12 Mass., 482; 4 Wend., 667; 4 Ind., 431; 1 Ind., 285.)

The right of an insolvent debtor to obtain the dis-

charge in question being, as before stated, a right given or created by statute, it follows that it can be enforced only in the manner prescribed by the statute. Moreover, Harris was not in the custody of the court at the time of the alleged discharge, but in law in the amicable custody of the bail. It might have been that within twenty days the bail would have been exonerated by the delay of plaintiff in having the *ca. sa.* issued, in which event the bail would have had no further interest in the case, in which event Harris would not be in confinement, and never could be imprisoned unless plaintiff elected to have the *ca. sa.* issued.

Harris had not been surrendered by the bail nor arrested under a *ca. sa.*, hence he had no right to apply to any court for a release or discharge, for he was not restrained of his liberty by any one.

In the numerous cases decided by this court involving the responsibility of bail, or discharge of insolvent debtors, we have not found a case in which the circuit court or a circuit judge had ordered the discharge of an insolvent debtor, nor have counsel referred to any such case.

We think it manifest that the circuit court had no jurisdiction nor authority to entertain the motion of Harris to be allowed to take the oath to be discharged, nor to receive the schedule of property, and the orders and judgment in that regard are null and void, and are no defense to this action.

The judgment appealed from is, therefore, reversed and cause remanded, with directions to overrule the

demurrer and for proceedings consistent with this opinion.

If, however, the appellee has any valid defense he should be allowed to plead it.