## Bell v. Carter, Circuit Judge.

(Decided January 24, 1928.)

Petition for Writ of Prohibition.

Execution.—Application to take insolvent debtor's oath under Ky. Stats., section 2180, after arrest under Civil Code of Practice, secs. 152-179, and after notice as provided by section 177, must be made before justice of peace, presiding judge of county, or police judge, and circuit judge has no jurisdiction to grant discharge to insolvent debtor under such statute; section 168 being inapplicable except after judgment has been obtained in civil proceedings, and section 177 being inapplicable in that it relates to motion to vacate order of arrest or to reduce bail.

J. R. WHITE and TURNER & CREAL for plaintiff.

MORRIS & JONES, B. F. DENHAM and J. C. CARTER, JR., for defendant.

OPINION BY JUDGE LOGAN—Denying writ of prohibition.

The plaintiff, C. M. Bell, was arrested in a civil proceedings under the provisions of title 8, c. 1, Civil Code of Practice. No complaint is made about the legality of the proceedings. He was detained in jail in Tompkinsville upon his failure to execute bond. He made an application for discharge before Judge J. C. Carter, judge of the Monroe circuit court, which application was denied. Contending that Judge Carter did him a grave injustice by depriving him of certain constitutional and

statutory rights he has filed his petition in this court seeking a writ of prohibition under the provisions of section 110 of the Constitution of Kentucky.

He sets out a brief history of his troubles as a prelude to his petition, and this prelude explains how he came to be arrested under the provisions of the Code aforesaid. He alleges in his petition that the warrant was executed on him while he was in jail in Monroe county on the 10th day of December, and that on that day, as provided by section 177 of the Civil Code of Practice, he gave notice that on December 12, 1927, he would move the court to discharge him by permitting him to take the pauper debtor's oath, as provided by section 2180, Ky. Stats. According to his allegations he had his hearing before Judge Carter on December 22, 1927, at which time he filed a schedule of his property and offered to take the insolvent debtor's oath, but the judge declined to accept his testimony as sufficient to justify him in granting a discharge. He alleges that he had no money or property which was withheld, and because of these things he prays this court to issue a writ of prohibition, or such other writ as may be necessary to compel Judge Carter to allow him to take the insolvent debtor's oath, or that he be discharged from jail in some manner allowed by law.

The petition very well sets out the steps which have been taken. When he offered to take the insolvent debtor's oath before Judge Carter he filed a schedule of his property, and he testified at some length. There are many suspicious circumstances surrounding the transactions wherein he disposed of some of his money and property, and Judge Carter appears to have been of the opinion that the testimony of the plaintiff himself was sufficient to show that he had acted fraudulently. The judge, by his order, refused to discharge him, at least at the time of the hearing, but his order indicates that he might consider the matter further. His bail was fixed at $2,500, and, failing to execute a bond, he was remanded to jail where he appears to be at this time.

It becomes necessary to make an examination of the various sections of the Civil Code of Practice and the Statutes to determine just what the rights of the parties are, as well as to determine the powers and duties of the circuit judge and this court. No complaint is made about the formal requisites of the warrant upon which plaintiff was arrested, and the proceedings appear to be regular. The Code provisions, so far as appears,

were followed up to the time of making the arrest and leaving the plaintiff in jail. Section 168, Civil Code of Practice, allows a defendant who has been arrested to take the insolvent debtor's oath and obtain a discharge from jail, but this section relates to obtaining a discharge after a judgment has been obtained in the civil proceedings and it is not relied on by plaintiff. He alleges in his petition that he is proceeding under section 177 of the Civil Code of Practice and section 2180, Ky. Stats. Section 177 does not relate to a discharge by taking the insolvent debtor's oath. It relates to a motion to vacate the order of arrest, or to reduce the bail.

If he was proceeding under section 2180, Ky. Stats., his relief should have been sought before a justice of the peace, the presiding judge of the county, or the police judge. The section limits the jurisdiction to these tribunals. A circuit court does not have jurisdiction to grant a discharge to an insolvent debtor under the provisions of section 2180, Ky. Stats. Sowle Mfg. Co. v. Bernard, 100 Ky. 659, 39 S. W. 239, 18 Ky. Law Rep. 1106; McGovern v. Maloney, 99 S. W. 935, 30 Ky. Law Rep. 801.

The chief complaint made by the counsel for plaintiff in brief is that he was not allowed to take the insolvent debtor's oath. He made application to the wrong court for that purpose. If he is being wrongfully held in jail he is not denied tribunals which may hear and determine his rights, and as that is true he is not entitled to the relief sought in this court.

Petition for writ denied.